Kwaku O. KUSHINDANA, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–379.

United States Court of Veterans Appeals.

Submitted Dec. 13, 1991.

Decided Feb. 24, 1992.

Kwaku O. Kushindana, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, were on the pleadings, for appellee.

Before FARLEY, Associate Judge. ▮

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of February 6, 1990, the Board of Veterans' Appeals (Board or BVA) held that appellant was not entitled to service connection for bilateral defective hearing and thus upheld the denial of appellant's claim. Specifically, the Board concluded that an unappealed rating decision, dated August 13, 1974, was reasonably supported by evidence then of record, was final, and that evidence subsequently received did not establish a new factual basis for granting service connection. A timely appeal to this Court followed. On August 26, 1991, pro se appellant filed a brief. On September 25, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of this motion in lieu of a brief and for a stay of proceedings pending a ruling on this motion. On October 4, 1991, appellant filed a document entitled "Reply Brief and Motion for Directed Verdict", which will be deemed a reply brief and motion for summary reversal.

Appellant, Kwaku O. Kushindana, entered into active service in January 1972. R. at 1. At that time, he underwent a hearing examination and was diagnosed with a hearing deficiency: "Audiometry—55 DB at 4,000 cps." R. at 3. The Secretary, in his motion for summary affirmance, states that this is a reference to "55–decibel loss in Appellant's right ear at 4,000 hertz", and asserts that "bilateral hearing loss at 4,000 hertz frequency existed at the time of Appellant's entrance onto active military duty." Motion at 2. On September 18, 1972, appellant was treated for ear pain, possibly the result of training at a rifle range. R. at 12. The report concluded that appellant had tinnitus secondary to acoustic trauma. *Id.* Appellant was again examined in February 1973 for tinnitus. R. at 13.

In April 1974, appellant filed his initial claim based on high frequency bilateral hearing loss. R. at 17–20. An examination conducted in May 1974 found "Bilateral hi-frequency notching at 4000 Hz." R. at 22, 24. A rating decision, dated August 13, 1974, held that the result of the May 1974 hearing examination was "approximately the same as exam. at time of entrance into military service, with bilateral hearing loss at 4,000 frequency noted." R. at 26. In July, 1987, appellant wrote the Veterans Administration Regional Office (VARO), claiming that he never received the 1974 decision and requested information on appealing it. R. at 30. The VARO responded by informing him that the 1974 decision was final and could only be "reconsidered" upon the submission of new and material evidence. R. at 32. Appellant reopened his claim in 1988. This claim was denied in a rating decision, dated April 27, 1988, which held that he had bilateral high frequency hearing loss, non-service-connected. R. at 43.

A private hearing examination, conducted in May 1988, by Dr. Aaron Roy, indicated that appellant had hearing loss at 4,000 Hz. R. at 45. In a July 27, 1988, BVA decision, the Board upheld the July 1987 decision that appellant had not filed a timely appeal of the 1974 decision. R. at 57. A December 21, 1988, deferred or confirmed rating decision held that appellant had not established a factual basis to reopen his claim for bilateral hearing loss. R. at 70. In a February 6, 1990, BVA decision, the Board held that the 1974 rating decision was final and that appellant did not present evidence to support a new factual basis for warranting service connection.

▮   Under 38 U.S.C. § 7104(b) (formerly § 4004(b)) a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon that same factual basis may not be reconsidered." The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran

seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). In addition, in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), the Court defined "new evidence" as that which is not merely cumulative of other evidence in the record. While in this present appeal, the BVA may have erred in treating evidence presented by appellant as new and material and reopening the claim, any such error was harmless in view of the ultimate denial. *See Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991).

■ Upon consideration of the record and the submissions of the parties, it is the holding of the Court that appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed. Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, appellant's motion for summary reversal is DENIED, the Secretary's motion for summary affirmance is GRANTED, and the decision of the Board of Veterans' Appeals is AFFIRMED.