Jack Oscar WIKMAN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–515.

United States Court of Veterans Appeals.

March 18, 1992.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of April 5, 1990, the Board of Veterans' Appeals (Board or BVA) concluded that appellant's colon cancer was not incurred in or aggravated by service, and may not be presumed to have been incurred in service, thus upholding the denial of appellant's claim. Although the Board failed to apply the proper standard of review as provided by 38 C.F.R. § 3.311b(c)(1)(ii), the Court holds, as a matter of law, that such inaction does not constitute prejudicial error.

Appellant, Jack O. Wikman, served in the United States Army from September 2, 1944, until May 14, 1946 (R. at 1, 9), and participated in the post-war occupation of Japan. He arrived at Koromo Naval Air Base on the island of Honshu on October 28, 1945, (R. at 76) and was stationed within fifty miles of Hiroshima. *But see* R. at 9, 24 (indicating that appellant was stationed at Nagasaki). While appellant had no official duties in Hiroshima, he claims to have ridden the subway into the city on a number of occasions. R. at 70, 71.

In August 1987, appellant filed a compensation or pension application based on a recent diagnosis of colon cancer. R. at 9. In a deferred or confirmed rating decision, dated August 28, 1987, the Veterans Administration (VA) Regional Office (RO) concluded that there was no evidence of radiation exposure. R. at 13. On May 24, 1988, the RO received a letter from R.T. Bell,

Commander, MSC, USN, Program Manager, Nuclear Test Personnel Review. R. at 36. In it, he cited a "scientific dose reconstruction titled *Radiation Dose Reconstruction U.S. Occupation Forces in Hiroshima and Nagasaki, Japan, 1945–1946*," in support of his contention that even in a "worst case" scenario, servicemen in the area received less than one rem. *Id.* He also noted that "it is probable that the great majority of servicemen assigned to the Hiroshima and Nagasaki occupation forces received no radiation exposure whatsoever, and that the highest dose received by anyone was a few tens of millirem." *Id.*

On December 10, 1988, the VA Chief Medical Director, wrote the Chief Benefits Director and stated: "[i]t is my opinion that Mr. Wikman's cancer cannot be attributed to exposure during Army service in Japan." R. at 46. He continued:

Should Mr. Wikman have visited either of the two Japanese cities in October 1945, the DNA/NTPR has estimated a probable dose of less than 1.0 rem of gamma radiation. This is far below the 17.0 rads needed to cause colon cancer as calculated for exposure at age of less than 20 years based on the upper 99–percent credibility limit for a probable causal relationship of greater than 50–percent....

*Id.* In a letter dated January 3, 1989, Gary Hickman, Director of the VA Compensation and Pension Service, wrote that he agreed with the Chief Medical Director and stated that "there is *no reasonable possibility* that the veteran's disability was the result of such exposure." R. at 47 (emphasis added). This opinion was cited in a January 20, 1989, rating decision which denied service connection for colon cancer. R. at 48.

The BVA, in a decision dated April 5, 1990, stated: "[t]he VA Chief Medical Director has entered his well-reasoned and well-supported opinion that the veteran's colon cancer *probably cannot* be attributed to his minimal exposure to ionizing radiation during service in Japan," and found that "[c]olon cancer is not shown to have been present during or until many years

following service; nor is it a *probable result* of any exposure to low level ionizing radiation." *Jack O. Wikman*, BVA 90–02397, at 5 (April 5, 1990) (emphasis added).

As both parties to this appeal have noted in their briefs, the rating and evaluation of disability for exposure to radiation has been the subject of numerous legislative enactments. On October 24, 1984, Congress enacted the Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub.L. No. 98–542, 98 Stat. 2727 (1984), which directs the Secretary to enact regulations instituting guidelines, standards and criteria for the resolution of benefits claims involving the establishment of service connection based on the exposure of veterans to radiation. This law was codified at 38 U.S.C. § 1154(a) (formerly § 354(a)); the corresponding regulation is 38 C.F.R. § 3.311b. Section 3.311b(b)(2) defines "radiogenic diseases". Colon cancer is specifically included under subsection (b)(2)(x). The regulation requires that a determination of exposure to and dosage of radiation be determined through an assessment. Section 3.311b(a)(2)(ii) states that for Hiroshima and Nagasaki occupation claims, the dose data will be requested from the Department of Defense. Sections 3.311b(b) and (c) describe how the Chief Benefits Director is to review these claims. Subsection (c)(1)(i) states the manner in which he must inform the RO if the evidence supports the conclusion that "it is at least as likely as not the veteran's disease resulted from exposure to radiation in service" and subsection (c)(1)(ii) states the manner in which he must inform the RO if "there is *no reasonable possibility* that the veteran's disease resulted from radiation exposure in service" (emphasis added).

Appellant, in his brief, places great emphasis on what he referred to as the Roy Rowland Bill, which he claims to be controlling of the facts in this appeal. Apparently, he is referring to the House of Representatives bill that was eventually enacted and codified in 38 U.S.C. § 1112(c) (formerly § 312(c)). Section 1112(c) provides for the payment of compensation to veterans, exposed to radiation, who manifest symptoms of specified cancerous diseases within

a 40–year presumption period. Subsection (c)(4)(B)(ii) specifically includes veterans who participated in the occupation of Hiroshima and Nagasaki. Appellant asserts that the Roy Rowland bill, as written, expressly included colon cancer. Yet colon cancer was not included in the final statutory enactment, codified in § 1112(c)(2). *See* Pub.L. No. 100–321, 102 Stat. 485 (1988). It is therefore not controlling of the facts in this appeal.

In *Sawyer v. Derwinski*, 1 Vet.App. 130, 134–35 (1991) the Court remanded an appeal to the BVA precisely because it applied a standard of "absence of 'probability' ", instead of the "no reasonable possibility" standard imposed by 38 C.F.R. § 3.311b(c)(1)(ii). In the present appeal, the BVA also misstated the standard and denied appellant's claim because his cancer could not "probably be attributed" to his military service. Yet the BVA based its decision on conclusions drawn by the Chief Medical Director and the Chief Benefits Director that clearly and directly support a holding that "there is no reasonable possibility" that appellant's illness resulted from in-service radiation exposure. Consequently, while the BVA stated the incorrect standard, if it had applied the correct standard, the evidence of record would support the same conclusion. In *Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991), the Court held that where the BVA committed error, "the Court is able to rule on the merits of the appeal based upon a review of the record" and may affirm the BVA decision, in spite of the BVA's error, if the record contains "overwhelming evidence in support of the result in a particular case." The Court concluded that in such situations, forcing the BVA to readjudicate a claim would serve no purpose and "would result in this Court's unnecessarily imposing additional burdens on the BVA and [Department of Veterans Affairs] with no benefit flowing to the veteran. This we cannot do. *See* 38 U.S.C. § 7261(b)." *Id.* *See also Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991).

Upon consideration of the record, appellant's informal brief, and the Secretary's

brief, it is the holding of the Court that appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.