**Melvin H. IRVIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–774.

United States Court of Veterans Appeals.

Submitted Aug. 1, 1991.

Decided April 17, 1992.

Melvin H. Irvin, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, D.C., were on the brief for appellee.

Before KRAMER, HOLDAWAY, and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Melvin H. Irvin, appeals from a July 9, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for an acquired psychiatric disease. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

The Court finds that the Board's findings of fact in the July 9, 1990, BVA decision, were entirely plausible. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990) ("[I]f there is a plausible basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same conclusions, we cannot overturn them.").

In reviewing the evidence submitted by appellant, the Board failed to discuss the only new and potentially material document, a letter from Dr. Kenneth Sullivan. R. at 134. Although the letter is clearly new, as it is dated after the previous rating decision, in light of the overwhelming evidence in the case in support of the BVA's ultimate findings and conclusions, and in light of the absence in the record of any indication that Dr. Sullivan was aware of any of that evidence (medical or otherwise), "there [was not] a reasonable possibility that the new evidence, viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991).

"New and material" evidence is a question of law and is determinable by this Court. *Id.* The Court finds that appellant did not submit "new and material" evidence to reopen his claim. The Court further finds that the Board reopened appellant's claim even though appellant failed to satisfy the two-step test established by *Manio v. Derwinski*, 1 Vet.App. 140, 144–147 (1991). Although the Board's reopening of appellant's claim was inappropriate, any error, if it had been alleged in the Board's ensuing review process, would be considered harmless. *See Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 253–254 (1991).

After careful consideration of the parties' briefs, and a review of the record on appeal, it is the holding of the Court that appellant has not demonstrated that the BVA has committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert*, 1 Vet. App. at 53–57. Affirmance is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Accordingly, the BVA decision is AFFIRMED.