**Ervin J. WILLIAMS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–627.**

United States Court of Veterans Appeals.

May 8, 1992.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Ervin J. Williams appeals from a November 20, 1990, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied the appellant's reopened claim for service connection for a back disability and a cardiovascular disability. The Secretary of Veterans Affairs (Secretary) moves for summary affirmance of the BVA decision. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

■ The veteran served his country in the U.S. Army for a nearly continuous period of twenty-two years from August 1949 to September 1971 with a brief twenty-day break in service in 1952. R. at 1. He made his initial claim for service connection for a back disability in 1974. In rating decisions dated May 6, 1974, and July 16, 1974, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied the claim, noting that, although the veteran's service medical records show that on four occasions the veteran was treated for back strain during service, no back disease was revealed during an orthopedic examination conducted in 1971 upon the veteran's retirement from service. R. at 156, 165, 172–73. The specific purpose of this examination was to evaluate Mr. Williams' back, and, in addition to finding no back disease, the doctor noted that an X–ray of the back was "normal" and that Mr. Williams was "fit for retirement". R. at 156. In addition, the RO considered the results of a private, pre-employment physical conducted in March 1973 which noted "[e]arly hypertrophic-arthritic changes ... anteriorly at the L[umbar]5–S[acral]1 level" and showed the impression of the examiner to be "[d]egenerative disc disease at the L5–S1 level[;] ... [o]therwise, essentially negative lumbosacral spine". R. at 170. However, the RO found that this 1973 report did not show this condition to have been incurred in or aggravated by active service and observed that the condition was not shown on a later VA examination. R. at 162–63, 173. Over the years subsequent to this decision, the VA has considered medical evidence revealing that the veteran suffers from a lower back disorder, described variously as recurrent chronic lower back syndrome (R. at 195) and arthritis (R. at 200), but has found that none of this evidence, even when "viewed in the context of all the evidence, both old and new," (*Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991)) relates the veteran's current back disorder to the incidents of back strain he experienced in service, nor does it reveal any manifestations of the back disorder within the presumptive period after separation from service. 38 U.S.C. § 1112 (formerly § 312); 38 C.F.R. § 3.309(a) (1991) (listing arthritis among those disorders entitled to presumptive period). Thus, the evidence submitted subsequent to the 1974 denial of this claim, while new, shed no further light on the question of service connection and therefore was not "material" to this issue. *Colvin*, 1 Vet.App. at 174.

■ The Secretary contends that the BVA determined that the evidence submitted subsequent to the final rating determinations was not "material" (Appellee's Br. at 8), but the language of the BVA decision in this regard is somewhat ambiguous, at times suggesting that the Board

reopened the claim, reviewed all the evidence of record, both old and new, and then denied the claim (*Ervin Williams*, BVA 90–39896, at 7 (Nov. 20, 1990) (referring to appellant's "reopened" claim)), and at other times suggesting that the evidence, although new, was not material. *Williams*, BVA 90–39896, at 9. "A claimant may have a claim reopened and reconsidered on the merits only upon the submission of new *and material* evidence" (*Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991) (emphasis added)); therefore, this case should not have been reopened. The Court finds that the Board incorrectly reopened this claim. However, because the reopening was incorrect, the errors alleged in the Board's review process are harmless. *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991).

 With regard to the veteran's claim for service connection for a cardiovascular disability, which was first denied by the RO in 1981 (R. at 209–10) and which was not reopened in 1987 because evidence submitted by the veteran was not material (R. at 270), the Court upholds the BVA's determination that the evidence of a cardiovascular disability incurred in service was not sufficient to warrant service connection. The only evidence in the service medical records relevant to the veteran's hypertension and other cardiovascular problems are three or four slightly elevated or borderline blood pressure readings. R. at 110, 131, 143. As this Court articulated in *Rabideau v. Derwinski*, 2 Vet.App. 141, 143 (1992), "in order to be eligible for a minimal rating [for hypertension], appellant must have had a diastolic blood pressure which is 'predominantly' 100 or more during service or within the one year presumptive period following service and presently have such diastolic readings." *See also* 38 U.S.C. § 1131 (formerly § 331); 38 C.F.R. § 4.104, Diagnostic Code 7101 (1991). The four slightly elevated blood pressure readings noted during the veteran's active service were 144/98 in 1965, 140/100, rechecked as 135/90, in 1968, and 130/94 in 1971. R. at 110, 131, 143. The Court holds that such readings, shown as they are in the context of many other blood pressure readings in the

service medical records that were within normal limits, do not meet the standard for a minimal rating for hypertension set forth in the regulation and reiterated in *Rabideau*. Moreover, in the absence of other evidence showing a cardiovascular problem incurred during service, the Court holds that the BVA's denial of the veteran's claim for service connection for a cardiovascular disability was not clearly erroneous.

The Court also notes that, as with the claim for a back disability, the Secretary contends that the Board did not reopen the veteran's claim for a cardiovascular disability because evidence submitted subsequent to final rating determinations on this claim, while new, was not "material". Appellee's Br. at 8. However, as with the claim for a back disability, the language of the BVA decision with regard to the cardiovascular claim is somewhat ambiguous as to the materiality of the evidence and the reopening of the claim. *Williams*, BVA 90–39896, at 8–9. Therefore, to the extent that the language of the BVA decision suggests otherwise, the Court also holds with regard to this claim that the BVA did incorrectly reopen the claim and the errors alleged in its review process are harmless. *Kehoskie*, 2 Vet.App. at 34.

Based on the foregoing, the Court holds that the decision of the BVA contains neither factual nor legal error which would warrant reversal or remand. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Therefore, the Secretary's motion for summary affirmance is granted and the decision of the BVA is AFFIRMED.