Charles E. THOMPSON, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–239.

United States Court of Veterans Appeals.

Submitted Dec. 5, 1990.

Decided May 23, 1991.

As Amended Aug. 19, 1991.

Rick Surratt (non-attorney practitioner), was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Thomas A. McLaughlin, were on the brief, Washington, D.C., for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court, in which HOLDAWAY, Associate Judge, joined.

STEINBERG, Associate Judge, concurring in part and dissenting in part, filed a separate opinion.

FARLEY, Associate Judge:

Appellant, Charles E. Thompson, is appealing from a March 2, 1990, Board of Veterans' Appeals (Board or BVA) decision upholding the denial of service connection for bilateral hearing and otitis media. The Court finds that the BVA erred in treating the evidence submitted by appellant as new and material when the Board itself concluded that the evidence was cumulative. However, since appellant failed to satisfy the two-step test established by *Manio v. Derwinski*, 1 Vet.App. 140, 144–147 (1991), any such error is deemed not to have been prejudicial to the ultimate resolution of the claim. *See* 38 U.S.C. § 4061(b). Accordingly, the decision of the Board is affirmed.

In August 1973, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office rating board denied appellant's claim for service connection for bilateral defective hearing and otitis media. That decision was not appealed. In a decision dated February 10, 1986, the BVA upheld the denial of appellant's renewed claim, ruling that the August 1973 rating was final and not "clearly and unmistakably erroneous." *Charles E. Thompson*, loc. no. 603935 (BVA Feb. 10, 1986). The Board also ruled that the evidence received since the 1973 rating did not establish a new factual basis which warranted the granting of service connection for bilateral defective hearing and otitis media. Finally, in a decision issued on March 2, 1990, after ruling that appellant had submitted new and material evidence, the BVA once again upheld the denial of appellant's claim, concluding: "The Board's decision of February 1986 is final; a new factual basis has not been provided warranting service connection for bilateral defective hearing and otitis media." *Charles E. Thompson*, loc. no. 007705, at 7–8 (BVA Mar. 2, 1990).

Pursuant to 38 U.S.C. § 3008 (1988), if evidence is found to be both "new and material," then the finality of a once "final" BVA decision is removed and the claim must be reopened and the former

disposition reviewed. In applying this provision, however, the Board appears to have walked a wavering line. On the one hand, it specifically commented: "Evidence submitted with the veteran's reopened claim includes contentions and testimony which is essentially cumulative to that previously offered by the veteran." *Charles E. Thompson,* loc. no. 007705, at 7 (BVA Mar. 2, 1990). On the other hand, and the reference to "cumulative" notwithstanding, the Board concluded that the evidence received since the February 1986 decision was "new and material." *Id.*

■ As this Court noted in *Manio v. Derwinski,* 1 Vet.App. at 144–147 (1991), a claimant seeking to prevail on a claim reopened on the basis of new evidence must satisfy both parts of a two-step test. "First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. § 3008. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old." *Manio,* 1 Vet. App. at 145 (citation omitted). It matters not whether the evidence actually fails to meet the "new and material" part of the test or the claim is denied after reopening and review of the former disposition. If one part of the two-part test is not satisfied, a claimant does not prevail.

Our dissenting colleague suggests that there is an additional issue lurking in the BVA's 1990 decision which is the subject of this appeal. Motivated by "serious doubts" as to the correctness of the 1973 rating decision and the 1986 BVA decision, the dissent would vacate the 1990 BVA decision because it did not consider whether the 1986 decision was the product of "clear and unmistakable error." While we are in sympathy with our dissenting colleague's doubts, we are unable to agree that we could or should, in effect, review the 1986 BVA decision. Moreover, the statutory and regulatory provisions upon which our colleague relies simply do not apply to this case.

■ A claimant may have a claim reopened and reconsidered on the merits only upon the submission of new and material evidence. *See* 38 U.S.C. § 3008. Otherwise, a BVA decision is final. 38 U.S.C. § 4004(b) (1988). The one exception to this rule of finality is when there has been an administrative error committed by the VA during the adjudication of the claim. If so, "the [Secretary] is authorized to provide such relief on account of such error as the [Secretary] determines equitable, including the payment of moneys to any person whom the [Secretary] determines equitably entitled thereto." 38 U.S.C. § 210(c)(2) (1988). Under both the old and the new versions of 38 U.S.C. § 4003 (1988), the BVA "on its own motion may correct an obvious error in the record." Pursuant to this statutory authority the VA has promulgated 38 C.F.R. §§ 3.104 and 3.105 (1990) which permit the Board to correct "clear and unmistakable error." It is these regulations which the dissent seeks to use as a springboard to reach the original 1973 rating decision. However, 38 C.F.R. § 3.105(b) clearly distinguishes a "clear and unmistakable error" from a "difference of opinion," a distinction which the dissent chooses to ignore.

■ Simply stated, there is no administrative error alleged to have occurred during the adjudication of appellant's claim. Unlike the situations presented in *Bentley v. Derwinski,* 1 Vet.App. 28 (1990), *appeal dismissed for failure to prosecute,* No. 91–7020 (Fed.Cir. Feb. 22, 1991), and in *Akins v. Derwinski,* 1 Vet.App. 228 (1991), this case does not present an allegation that the rating board or the BVA failed to apply the correct statutory and regulatory provisions; nor is there any question that the rating board and the BVA had before them the relevant and correct facts. The sole basis for the dissent is a disagreement with the original rating and its interpretation of the facts. If the claim had been reopened upon the submission of new and material evidence, we might indeed join our·dissenting colleague in reversing as "clearly erroneous" a BVA decision which upheld the original rating decision. *See* 38 U.S.C. § 4061(a)(4) (1988). However, in the ab-

sence of new and material evidence, the claim cannot be reopened; nor can we use any difference of opinion we might have as an excuse to find that the VA committed an administrative error during the adjudication process. In the absence of administrative error, 38 U.S.C. § 4003 and 38 C.F.R. § 3.105 do not apply; we cannot join in an effort to distort them to make them apply even though the result is a harsh one.

Here the BVA ruled that the subsequent evidence submitted by the claimant did not provide a new factual basis for granting service connection; the BVA did not specifically decide that the evidence submitted by the claimant was new and material to his claim. While we see no basis in the record for overturning the BVA's conclusion, we do believe that it was error to treat evidence which is essentially cumulative as new and material. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991) ("[n]ew evidence is not that which is merely cumulative of other evidence on the record." (citation omitted)). However, since the claimant could not satisfy both parts of the two-step test, any such error would not have been prejudicial to the ultimate resolution of the claim. *See* 38 U.S.C. § 4061(b) (1988). Therefore, because appellant did not submit new and material evidence, the decision of the Board is AFFIRMED.

*It is so Ordered.*

STEINBERG, Associate Judge, concurring in part and dissenting in part:

I concur in the opinion of the Court insofar as it holds that the Board of Veterans' Appeals (Board or BVA) committed no prejudicial error in denying service connection based on the submission of the evidence which the claimant offered as "new and material" under 38 U.S.C. § 3008 (1988). I agree that that evidence was not sufficient to warrant a reopening of the claim under section 3008.

However, the Court's opinion dismisses with little discussion the other issue presented by this case: whether the BVA committed error in failing to decide whether a 1986 BVA decision committed "clear and unmistakable error". The BVA had rejected in 1986 a claim that a prior, unappealed rating board decision committed clear and unmistakable error but did *not* in its 1990 decision consider that ground *as to the 1986 decision on the reopening of the claim based on the submission of new and material evidence at that time.*[1] I would vacate the 1990 decision and remand the matter to the BVA for consideration of whether under 38 C.F.R. §§ 3.105(a) and 19.185(a) its 1986 decision should be reversed, on the basis of "clear and unmistakable error" or "obvious error of fact or law", insofar as its determination that the new and material evidence then presented did not warrant an award of service connection when the "new ... evidence [is viewed] in the context of all the other evidence of record". *See Jones v. Derwinski,* 1 Vet.App. 210, 214, 218 (1991).

The majority opinion here creates, with no citation of authority, a theory of correction of "administrative error" as being applicable only to a rating board or the BVA failing "to apply the correct statutory and regulatory provisions". Majority opn., *ante,* p. 253. If the majority is correct in this legal analysis, then 38 C.F.R. § 3.105(a) (1990) is invalid insofar as it clearly authorizes the correction of prior decisions on basic fact findings concerning "service connection, degree of disability, age, marriage, relationship, service, dependency, line of duty, and other issues", as an exception to the rule that a claim is not "subject to revision on the same factual basis". 38 C.F.R. §§ 3.104(a) and 3.105(a) (1990). Certainly, there is nothing in section 3.105(a), or in sections 19.185(a) and 19.186(a) as to "obvious error", to suggest the majority's very narrow construction of the law or those regulations.

---

1. I do not believe that the claimant has any right to revisit the 1986 BVA decision that the 1973 rating board decision was not clear and unmistakable error.

If the majority is invalidating, through construction, a portion of VA's regulations, it should say so, and I would disagree with that position as well.

## I. BACKGROUND

In this case, the veteran's service medical records reveal that from mid-May until mid-June 1969 he was evaluated for symptomatology involving the left ear. On May 21, 1969, he had a separation physical examination at which he was diagnosed as having "[s]erous otitis media" which was considered "resolved" in service. R. at 25. Nevertheless, a report of an examination conducted on May 27, 1969, noted the presence of possible fluid behind the left tympanic membrane and that the veteran had complained of a hearing loss in the left ear over the past year and a half. R. at 31. The diagnosis at that time was serous otitis media in the left ear. *Ibid.* During service, polyethylene (PE) tubes were inserted in the veteran's ears to drain the fluid in them. R. at 43, 167–68. Subsequent medical records also show that the veteran was similarly treated with PE tubes on several occasions after his discharge. R. at 58, 60, 71, 75. On June 17, 1969, even though the veteran was cleared for separation from the service, the possible presence of fluid in the left ear was again noted. R. at 33. The veteran was discharged from the service on July 7, 1969.

On September 23, 1969, less than three months after his discharge, the veteran applied for a job and was seen by a physician at General Electric (GE). The physician's report contained a question mark where normal hearing was to be checked off and the following notation: "Chronic otitis media left." R. at 54. On December 18, 1972, the veteran was examined by a

VA physician and diagnosed as suffering from "serous otitis media bilat[eral]". R. at 58. The report of that examination noted that the veteran had a long history of serous media in the left ear and of insertion of PE tubes and that both ears had "fluid behind them." The report also noted that the veteran had received treatment for "serous otitis media" as early as March of 1972. *Ibid.* These two pieces of evidence, along with lay statements attesting to ear problems and hearing loss beginning in service and VA medical records of continuing treatment since 1972, were submitted for the first time by the claimant in connection with the 1986 BVA decision on reopening. Since December 1973, it is undisputed that the veteran's ear problems have worsened.[2]

## II. ANALYSIS

### A.

38 C.F.R. § 3.105(a) (1990) provides, as to Part 3, "Adjudication", that prior decisions, "including decisions of service connection, ... will be accepted as correct in the absence of clear and unmistakable error. Where evidence establishes such error, the prior decision will be reversed or amended." *See also, Bentley v. Derwinski,* 1 Vet.App. at 30–31 (1990), *appeal dismissed for failure to prosecute,* No. 91–7020 (Fed. Cir. Feb. 22, 1991). *See generally Akins v. Derwinski,* 1 Vet.App. 228 (1991). Section 3.104 of the regulations states clearly that section 3.105 is an exception to the rule that a claim is not "subject to revision on the same factual basis". 38 C.F.R. § 3.104 (1990). 38 C.F.R. §§ 19.185(a) and 19.-186(a) (1990) provide, as to Part 19, the "Board of Veterans Appeals", that "at any

---

2. A summary of the record regarding the veteran's worsening problems follows: In 1973 he was diagnosed with "[b]ilateral serous otitis media" and PE tubes were inserted in both ears. R. at 43. In 1975 PE tubes were inserted in both ears. R. at 72. In 1978 "mild conductive loss" was noted in both ears. R. at 69. In 1980 PE tubes were inserted in the right ear. R. at 74. In 1983 mild to moderate conductive loss of the left ear was noted. R. at 79. In 1984 a left "cholesteatoma" was noted and a "left tympanomastoidectomy" was performed. R. at 46. Later in 1984 a bilateral cholesteatoma was noted. R. at 90. In 1985 the veteran's physician

submitted a statement that the veteran had lost 50 percent of his hearing on his left side, and the physician noted that hearing on the right side was also likely to diminish. R. at 48. In 1986 "mild to moderate conductive sensitivity loss" of the right ear and "moderately severe, mixed sensitivity loss" of the left ear was noted. R. at 119. In 1988 the veteran underwent a "left modified radical mastoidectomy". R. at 128. In 1989 the veteran testified under oath at a personal hearing that he was completely deaf in the left ear, and that his hearing in his right ear was "50 percent or less". R. at 175.

time" a VA claimant may apply to the BVA for reconsideration of, or the Board may reconsider on its own motion, an appellate decision "[u]pon allegation of obvious error of fact or law" (§ 19.185(a)).

These regulations do not explain the difference, if any, between the "clear and unmistakable error" and "obvious error" tests. It seems clear that the BVA can be called upon to apply both tests: in cases on appeal from a regional office decision on a clear and unmistakable error claim and in cases previously decided by the BVA where reconsideration is sought on the basis of "obvious" error. It seems to me that these tests are probably interchangeable. I can find no basis for applying a different test based on whether the claim for re-review is presented to the regional office or to the BVA.

The authority to establish these regulations, although not cited as such in the regulations themselves, exists in 38 U.S.C. §§ 210(c)(2), 4003(c), and 210(c)(1). Section 210(c)(2) provides:

> If the [Secretary] determines that benefits *administered* by the [Department of Veterans Affairs] have not been provided by reason of *administrative error* on the part of the Federal Government or one of its employees, the [Secretary] is authorized to provide such relief on account of such error as the [Secretary] determines equitable, including the payment of moneys to any person whom the [Secretary] determines equitably entitled thereto.

38 U.S.C. § 210(c)(2) (1988) (emphasis added). Section 4003(c) provides:

> Notwithstanding subsection (a) and (b) [relating to reconsideration of BVA decisions] of this section, the Board on its own motion may correct an obvious error in the record.

38 U.S.C. § 4003(c) (1988). Section 210(c)(1) provides in pertinent part:

> The [Secretary] has authority to make all rules and regulations which are necessary or appropriate to carry out the laws *administered by the [Department]* and are consistent therewith, including regu-

lations with respect to ... the method of taking and furnishing ["proofs and evidence"] in order to establish the right to benefits under such laws ... and the manner and form of adjudications and awards.

38 U.S.C. § 210(c)(1) (1988) (emphasis added).

These statutory provisions provide ample authority for the Secretary to establish an administrative process for review of a claim in addition to the process, provided for by 38 U.S.C. §§ 3008 and 4004(b) (1988) and 38 C.F.R. §§ 19.185–87(a) and 19.194 (1990), for a claim to be reconsidered and the prior disposition of the claim reviewed upon the presentation of certain new and material evidence.

### B.

Although the veteran's principle argument is couched in terms of "new and material evidence", the actual thrust of his contention is that there has been "clear and unmistakable error" or "obvious error of fact or law" in the repeated denial of his claim, including the 1986 denial of his re-opened claim. Indeed, the veteran's representative specifically stated as much in his oral presentation before the Board.

> In essence, it is the veteran's contention that he did obtain a hearing loss in the military service along with bilateral otitis media which has continued to plague him to the present day warranting service connection.
>
> . . . .
>
> We believe the evidence of record shows that the veteran has required recurrent treatment for recurrent infections of the ears and hearing loss subsequent to discharge from the military service. We believe the veteran's recurrent infections have resulted in hearing loss. The evidence of record shows frequent treatment and medication along with several surgeries.
>
> *Thus, in retrospect, we maintain that the veteran's infections of the ears shown in service, even though the condition was said to be resolved at the*

*time of discharge, in retrospect, shows continuance of this disability which resulted in hearing loss.*

R. at 182–83 (emphasis added).

In its February 1986 decision, the Board considered the "clear and unmistakable error" provision of 38 C.F.R. § 3.105(a) and found no such error in the August 1973 VA Regional Office (RO) rating board decision made on the basis of the evidence then before the rating board. However, neither the § 3.105(a) provision nor the § 19.185(a) provision was considered or applied in the BVA's March 2, 1990, decision. In my view, given the nature of the argument by the appellant's representative, those regulations should have been considered *as to the February 1986 BVA decision on reopening* which had denied service connection after the submission of the 1969 GE examination, the VA medical records dated from 1972 to 1985, and the lay statements. *Cf. Akles v. Derwinski,* 1 Vet.App. 118, 120–121 (1991) (VA must consider applicable regulations even if not specifically raised by the claimant).

The Court recently suggested in *Akins v. Derwinski,* 1 Vet.App. 228 (1991), that "clear and unmistakable error" was error established "undebatably". *Akins,* at 231. The evidence of record shows clearly and undebatably (1) that the veteran suffered serous otitis media during service, (2) the continuing possible presence of fluid in the left ear right up until separation (which casts doubt upon the BVA's finding that the veteran's condition was "resolved" by the time of discharge (R. at 25)), (3) the post-service (within three months of separation) notation of chronic otitis media in the left ear, and (4) the recurrent post-service diagnosis and treatment (first treated post-discharge less than 3 years after service) of bilateral serous otitis media.

Whether the BVA was correct or not in its 1986 decision that the 1973 rating board decision was not clear and unmistakable error (and I have serious doubts that it was correct), that issue was finally decided and is not subject to readjudication as of right (of course, the Secretary has sufficient lati-

tude that he could, in the exercise of discretion, readjudicate that issue). But there is no limitation in the law or regulations on the number of times that a claimant may seek benefits under "the clear and unmistakable error" or "obvious error" theory as long as the basis for the claim is different from one previously and finally adjudicated under that theory. Hence, the appellant has sufficiently raised that theory a second time, this time as a basis for determining whether the BVA committed clear and unmistakable error in deciding in 1986 that the new and material evidence then submitted did not warrant an award of service connection for the appellant's chronic serous otitis media when the new evidence is considered in the context of the old evidence. *See Jones,* 1 Vet.App. at 214–15, 218. This question having been properly raised in the argument to the BVA, I believe that it was prejudicial error, requiring remand of the case, for the BVA to fail to deal with it.

C.

One rejoinder to the majority's response to my dissent on the clear-and-unmistakable-error issue: The majority suggests that I "choose[ ] to ignore" the 38 C.F.R. § 3.105(b) regulation distinguishing "difference of opinion" from "clear and unmistakable error". Majority opn., *ante,* p. 253. I do not discuss that paragraph because it was not applied by the BVA, which should be applying these regulations in the first instance. In any case, the majority seems to be implying that the "difference of opinion" regulation somehow eliminates the possibility of relief for the claimant. Quite to the contrary; the regulation provides that if a regional office finds such a difference, a "proposed revision will be recommended to the Central Office." 38 C.F.R. § 3.105(b) (1990).

III. CONCLUSION

For the reasons noted above, I would vacate the March 2, 1990, BVA decision and remand this case to the BVA for consideration of whether under 38 C.F.R. §§ 3.105(a), 19.185(a), 19.186(a) the 1986

BVA decision on the reopened claim should be reversed on the basis of clear and unmistakable or obvious error. Hence, I respectfully dissent as to this issue.