Russell ERTELL, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–918.

United States Court of Veterans Appeals.

Submitted July 23, 1991.

Decided Nov. 7, 1991.

Russell Ertell, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Angela Foehl were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of June 1, 1990, the Board of Veterans' Appeals (BVA or Board) upheld the January 8, 1990, rating decision which affirmed an award of service connection and a 10% disability rating for a disfiguring scar of the right upper eyelid but refused to grant an effective date earlier than June 29, 1989. A timely appeal to this Court followed.

On February 15, 1946, the rating board granted, *inter alia,* service connection and a 100% disability rating for enucleation of the right eye. R. at 41. The report of a Veterans' Administration (now the Department of Veterans Affairs) (VA) medical examination on August 2, 1946, contains notations that the brow, lashes, and lachrymal apparatus of the eyelids were all "OK". R. at 44. Based upon the examination of August 2, 1946, the rating board on September 6, 1946, assigned a 40% evaluation for enucleation of the right eye. R. at 50.

On June 20, 1989, the veteran's representative filed a claim "seeking an increased Rating for residuals of eye injury. In particular, veteran contends compensable evaluation for Scar to eyelid is warranted." R. at 52. On August 25, 1989, the rating board granted a disability rating of 10% for disfiguring scar of the right upper eyelid effective June 29, 1989. R. at 64. The veteran filed a Notice of Disagreement with respect to the effective date, claiming that the 10% rating should be made retroactive to the 1946 rating decisions on the ground of clear and unmistakable error. R. at 66. In its June 1, 1990, decision the Board cited the report of the August 1946 medical examination which described appellant's eyelids as "OK" and concluded that the criteria for the assignment of an effective date prior to the date of the receipt of appellant's claim for the eyelid scar, June 29, 1989, had not been met. *Russell Ertell,* BVA 90–53376, at 4 (June 1, 1990). A timely Notice of Appeal was filed on September 4, 1990.

On May 13, 1991, appellant filed an informal brief and supporting documents. Appellant argues that the February 15, 1946, and September 6, 1946, rating decisions were erroneous in ignoring evidence of a scarred eyelid and failing to award the 10% rating for a disfiguring scar in 1946. Consequently, appellant argues, the 1989 rating board likewise "erred" in determining the "effective date of the disfigurement." Appellant's Informal Brief at 2. Appellant requests an effective date of February 15, 1946, for benefits for the disfiguring scar of his right upper eyelid.

On July 15, 1991, the VA filed a motion for summary affirmance. Pointing to the August 2, 1946, VA medical examination, the VA argues that the symptomatology attributable to appellant's service-connected disfiguring scar did not meet the criteria for a compensable rating prior to the filing of the claim on June 29, 1989. The Secretary relies upon 38 C.F.R. § 3.400, which provides that the effective date of an award is either the date entitlement arose or the date of receipt of the original or reopened claim, whichever is later. The Secretary urges that, in the absence of "clear and unmistakable error" (38 C.F.R. § 3.105) in 1946 by the rating board, the effective date of appellant's award of a 10% disability rating for a disfiguring right eyelid scar must be June 29, 1989, not

February 15, 1946, as appellant alleges. A response in opposition to the Secretary's motion was filed by appellant in which he reiterated his initial arguments.

The essence of appellant's claim is that the evidence before the rating board in 1946 required a disability rating of 10% for a right eyelid scar. The Board disagreed in its decision of June 1, 1990. While a prior rating decision which was the product of "clear and unmistakable error" may be reversed and may warrant the retroactive award of benefits, the controlling regulations, 38 C.F.R. §§ 3.104 and 3.105 (1990), clearly distinguish a "clear and unmistakable error" from a "difference of opinion". *See* 38 C.F.R. § 3.105(b). Reversal cannot be predicated upon a difference of opinion. *See Thompson v. Derwinski*, 1 Vet.App. 251 (1991).

Upon consideration of the record, the informal brief of appellant, appellee's motion for summary affirmance, and appellant's response in opposition, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23, 26 (1990).

Therefore, appellee's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.