**Franklin G. ELLIOTT, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–676.

United States Court of Veterans Appeals.

May 22, 1992.

**464**

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Franklin G. Elliott, Jr., appeals from a December 24, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for residuals of a back injury and for a chronic acquired psychiatric disorder, including post-traumatic stress disorder (PTSD). Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). The BVA decision will be affirmed in part and vacated and remanded in part, the Court retaining jurisdiction.

■ Service-connected disability compensation for residuals of a back injury was denied in prior final BVA decisions in May 1968 and November 1983. R. at 220, 236. The Court holds that no new and material evidence was presented or secured to justify reopening of that claim. *See* 38 U.S.C. §§ 5108, 7104(b) (formerly §§ 3008, 4004); *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Under *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991), evidence is new and material only if not cumulative and if there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." Since the new evidence is largely cumulative of evidence previously considered and the portion that is new does not provide a nexus between the veteran's current back condition and his service, it could not reasonably change the outcome. The veteran's claim on this issue should not, therefore, have been reopened, and any error attendant on the BVA's denial of it in December 1990 was, therefore, harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Thomp-*

*son v. Derwinski,* 1 Vet.App. 251, 254 (1991).

■ With respect to the new claim for service connection for a chronic acquired psychiatric disorder, the Court holds that the BVA committed error by failing to state adequate reasons or bases for its findings and conclusions. *See* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). The veteran apparently had four separate periods of service. In its December 24, 1990, decision, the BVA stated that, for two of the veteran's periods of service, from December 1947 to February 1948 and from December 1955 to May 1957, "the types of discharges are a bar to [Department of Veterans Affairs (VA)] benefits and were held to have been under dishonorable conditions for benefit purposes." *Franklin G. Elliott, Jr.,* BVA 90–43040, at 3 (Dec. 24, 1990). The record does not contain any separation or discharge documents relating to the veteran's second period of service, from December 1947 to February 1948, or any VA adjudication of the character of discharge for purposes of eligibility for benefits. However, there is evidence in the record indicating that that period of service was honorable and that the veteran's discharge from that period of service may have related in some manner to his health problems. R. at 197, 303, 121. In light of that evidence, the BVA was required to provide reasons or bases for its conclusions that the discharge from the second period of service was "under dishonorable conditions for benefit purposes", and, therefore, the case must be remanded to the BVA for readjudication and an adequate statement of the reasons or bases for that conclusion.

■ Furthermore, the BVA failed adequately to resolve conflicting evidence regarding the nature of the veteran's disability during his periods of service. The veteran was diagnosed at different times as suffering from schizophrenic reaction, a chronic psychiatric disorder, and schizoid personality, which is a personality disorder for which service-connected disability benefits are not payable. *See* 38 C.F.R. § 4.127

(1991). The BVA stated that "schizophrenia was unequivocally shown to have preexisted" the veteran's third period of service, but that during that third period of service "the veteran's behavior was characterized as a personality disorder, which is not considered a disease for VA compensation purposes." *Elliott,* BVA 90–43040, at 9–10. The decision fails to reveal whether the Board considered the diagnoses of psychiatric disease and personality disorder to establish overlapping and coexisting conditions, or whether it viewed them as conflicting diagnoses of a single condition. In readjudicating the claim on remand, the Board must determine whether the veteran suffered, prior to, during, and within one year after his qualifying periods of service, from a psychiatric disorder, a personality disorder, or both, resolving all conflicting evidence and discussing the applicability of the benefit-of-the-doubt rule. *See* 38 U.S.C. § 5107(b) (formerly § 3007); *Gilbert,* 1 Vet.App. at 53–56.

■ The BVA also found that there was no evidence of PTSD and no recent evidence of schizophrenia. A June 28, 1989, VA examination report indicates that the veteran has been relatively symptom-free for many years with regard to schizophrenia. R. at 167–70. In light of the substantial evidence of schizophrenia during and after service, the BVA should obtain a current psychiatric examination of the veteran in which the examining psychiatrist expresses an opinion as to whether the veteran currently suffers from schizophrenia or whether his schizophrenia is in remission or has been completely resolved.

Upon consideration of the record, the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, and the appellant's informal brief, the Court holds as follows: (1) there is no new and material evidence to justify reopening of the veteran's claim for service-connected disability compensation for residuals of a back injury, and the December 24, 1990, BVA decision is affirmed as to that claim; and (2) the BVA erred in its adjudication of the veteran's claim for service-connected disability compensation for an acquired

psychiatric disorder by failing to provide an adequate statement of the reasons or bases for its findings and conclusions, and the record is remanded to the Board, as to that claim, the Court retaining jurisdiction, to allow supplementation of the record, as necessary and in accordance with this decision, for purposes of determining the character of the veteran's second period of service and for readjudication of his claim. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1).... [but] is meant to entail a critical examination of the justification for the decision"). The Secretary shall file with the Clerk and serve upon the appellant a copy of any Board final decision on remand. Within 14 days after such filing, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

Before STEINBERG, Associate Judge.