Ernesto A. HERRERA, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–197.

United States Court of Veterans Appeals.

June 29, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Ernesto A. Herrera, appeals from a December 28, 1989, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for asserted residual injuries from exposure to a lightning strike during service. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Because the Court finds that the veteran did not submit new and material evidence to reopen his claim, the motion will be granted and the Board's decision will be affirmed.

The veteran served in the United States Army from 1952 to 1955. R. at 76. He subsequently served on active duty training with the New Mexico National Guard. R. at 76. During the training period in August 1959, Mr. Herrera was exposed to a lightning strike and was knocked unconscious. R. at 60, 69. He was hospitalized overnight for observation and was discharged after a finding that he had suffered no apparent injuries. R. 60–75. The veteran filed several claims with the Veterans' Administration (now Department of Veterans Affairs) (VA) for asserted service-connected residual injuries resulting from the lightning strike. His claim for a residual nervous condition and back and head injuries was denied by the BVA in November 1967, and his claims for a resid-ual stomach condition, nervous condition, and back injuries were denied by the BVA in September 1981. R. at 114–20, 187–95.

Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones v. Derwinski*, 1 Vet.App. 210, 215 (1991). In this case, the BVA held that the evidence submitted by the veteran to support reopening his claim was not new and material and that thus reopening of the claim was not justified. *Ernesto A. Herrera*, BVA 89–08171, at 5 (Dec. 28, 1989).

The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Evidence is new if it is not "merely cumulative" of evidence already in the record. *Colvin, supra*. Evidence is "material" if "relevant and probative" and if there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin, supra; Godwin v. Derwinski*, 1 Vet.App. 419, 424 (1991).

Here, the evidence submitted by the veteran to reopen his claim for asserted residual injuries includes medical records dating from his time of service in Korea, a newspaper clipping of the lightning strike, and personal testimony asserting service connection for his back and head injuries.

R. at 201–04, 217, 225–28. The newspaper clipping and personal testimony cannot be considered new evidence because they are merely cumulative of evidence considered by the Board in its decisions in 1967 and 1981. R. at 114–20, 187–95. In those decisions, the BVA considered other news clippings and military records establishing that the veteran was exposed to the lightning strike, as well as service medical records which included the information provided by the veteran in his personal testimony. In addition, the medical records submitted are immaterial because they pre-date the lightning strike and are unrelated to any head or back injuries. *Herrera,* BVA 89–08171, at 4–5. Finally, although not addressed by the BVA in its decision, the veteran also presented a claim for a residual nervous condition in his Appeal to the Board, R. at 224, and also at various times had styled his claim to reopen as one for *all* the asserted residuals of the lightning strike. R. at 196, 198, 214, 219, 220. The Court holds, as a matter of law, that no new and material evidence was presented with respect to the nervous condition, and, thus, the BVA's failure to deal specifically with that attempt to reopen this claim on that basis constitutes harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1992); *Godwin,* at 425; *Thompson v. Derwinski,* 1 Vet.App. 251, 253 (1991). Accordingly, the Court holds that the BVA was correct in concluding that there was no new and material evidence to justify reopening of any of the veteran's claims for asserted residuals of the lightning strike.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted and the December 28, 1989, BVA decision is affirmed.

AFFIRMED.