James R. HEEBNER, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 90–1573.

United States Court of Veterans Appeals.

Nov. 4, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam era veteran James R. Heebner, appeals from a September 18, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying an extension under 38 U.S.C. § 3462(a)(1) (formerly § 1662) of his period of eligibility for Department of Veterans Affairs (VA) GI Bill education benefits. *James R. Heebner*, BVA 90–32159 (Sept. 18, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Board's decision will be affirmed.

The veteran served on active duty from September 17, 1973, to September 9, 1976. R. at 26. Pursuant to 38 U.S.C. § 3462(a)(1), his eligibility for VA educational assistance under chapter 34 of title 38, U.S.Code, expired on September 9, 1986, ten years after the date of his discharge. Section 3462(a)(1) provides that, if a timely application for an extension of the eligibility period is filed

> in the case of any eligible veteran who was prevented from initiating or completing such veteran's chosen program of education within such time period because of a physical or mental disability which was not the result of the veteran's own willful misconduct, such veteran shall ... be granted an extension of the applicable ten-year delimiting period for such length of time as the Secretary determines, from the evidence, that such veteran was so prevented from initiating or completing such program of education.

The criteria for the Secretary's determination on an application for an extension are

further explained in 38 C.F.R. § 21.-1043(a)(2) (1991), which provides in part:

It must be clearly established that such a program of education was medically infeasible. A veteran who is disabled for a period of 30 days or less will not be considered as having been prevented from initiating or completing a chosen program unless the evidence establishes that the veteran was prevented from enrolling or reenrolling in the chosen program of education, or was forced to discontinue attendance because of the short disability.

On October 14, 1986, the veteran applied for an extension of his GI Bill benefits, and he subsequently submitted a November 1986 letter from a physician stating that he had treated the veteran for manic depression since 1982, and that the veteran was unable to work due to his disability. R. at 7. In a December 17, 1987, decision, the BVA denied the veteran's claim for an extension of his delimiting date. R. at 35–38. The Board concluded that the veteran had been enrolled in educational and vocational programs in 1977, 1978, 1979, 1982, and 1983 and from November 1985 to September 1986. R. at 36. The Board discussed the November 1986 letter from the veteran's treating psychiatrist, but concluded:

As the statement from the veteran's physician does not contain any findings referable to the type of treatment, the degree of severity of the disorder during the veteran's basic delimiting period or the type and dosage of the medication prescribed, the Board cannot find that the veteran was prevented from initiating or completing a chosen program of education during his basic delimiting period by his manic-depressive disorder.

R. at 38.

The veteran subsequently sought to reopen his claim in 1988. He submitted records of private medical treatment for depression from 1982 to 1987. R. at 42–46. He also submitted another letter, dated November 15, 1988, from his treating psychiatrist, who stated:

This is to certify that I have been treating the above named patient since

1982 for Manic Depression. He *is* currently taking medication for his problem, but medically he *is* unable to take advantage of any type of training because of the severity of his condition. And due to the severity of his condition it *is* keeping him from completing his educational goals.

R. at 60 (emphasis added).

In its September 1990 decision, the BVA again denied the veteran's claim. The Board stated that the veteran's evidence of outpatient treatment from 1982 to 1987 did not reflect any periods of hospitalization of 30 or more days or any disability severe enough to render the veteran incapable of pursuing a program of education or training. *Heebner*, BVA 90–32159, at 5–6. The Board further noted that the November 1988 statement of the veteran's treating psychiatrist indicated that the veteran was disabled as of November 1988, but that other evidence of record indicated that the veteran was capable of pursuing educational or training programs from November 1985 to September 1986 and from February to August 1987. *Id.* at 6. The Board concluded: "The December 1987 decision of the [BVA] is final, and a new factual basis now warranting the grant of the benefit sought on appeal has not been established by new and material evidence submitted in support of the reopened claim." *Id.* at 6–7.

Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-part analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991). If there is no new and material

evidence, the claim may not be reopened and allowed. 38 U.S.C. §§ 7104(b), 5108.

 Although the Board failed, in its September 18, 1990, decision, to apply the proper two-part analysis for adjudicating claims to reopen previously and finally denied claims, its error was harmless because the claim should not have been reopened. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin, supra.* For evidence to be "material", it must be "relevant and probative" and "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid; see Jones, supra;* 38 C.F.R. § 3.156 (1991).

The veteran in this case has not submitted new and material evidence to reopen his claim. The private medical treatment records newly submitted by the veteran reveal treatment for manic depression between 1982 and 1987, but none of those records indicate that the disability was severe enough to preclude him from pursuing an educational or training program during his delimiting period. Similarly, the November 1988 statement of the veteran's treating psychiatrist that the veteran "is unable to take advantage of any type of training because of the severity of his condition", states only that the veteran was unable to pursue an educational program in 1988, but it does not state whether the veteran's disability had been so severe during the applicable delimiting period, which expired in September 1987, that it had prevented him from completing his education goals during that period. Because this evidence does not indicate that the

veteran's disability precluded him from pursuing an educational or training program during the delimiting period, it does not create a reasonable possibility, when viewed with all the evidence of record, of changing the outcome of the prior final BVA decision. (Of course, the appellant is always free to obtain such evidence and seek to reopen his claim once more at the Regional Office.) Therefore, the evidence submitted since the prior final BVA decision was not new and material and the claim should not have been reopened.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Court grants the Secretary's motion for summary affirmance and summarily affirms the September 18, 1990, BVA decision.

AFFIRMED.