**John R. KEATING, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–861.**

United States Court of Veterans Appeals.

Argued Jan. 21, 1993 in Phoenix, Arizona.

Decided March 22, 1993.

John E. Bignall, with whom Mark Caldwell was on the briefs, for appellant.

Norman G. Cooper, Acting Asst. Gen. Counsel, with whom James A. Endicott, Jr., Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, David W. Engel, Sp. Asst. to the Acting Asst. Gen. Counsel, and Michele Russell Katina were on the pleadings, for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

FARLEY, Associate Judge:

Appellant, John R. Keating, seeks reversal of a February 25, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied appellant's claim for entitlement to service connection for chronic residuals of a cerebral contusion. The Court holds that appellant did not submit new and material evidence to warrant the re-

opening of his claim which had been the subject of previous final denials.

## I.

Appellant served honorably in the United States Marine Corps from March 14, 1944, until October 27, 1945. On August 4, 1944, while stationed at Camp Pendleton, appellant was injured when a bus in which he was a passenger overturned. Appellant lost consciousness and was admitted to the base hospital where he remained unconscious for thirty-six hours. Appellant's service medical records indicate that upon regaining consciousness, a physician determined that he suffered from a cerebral contusion. During his three and one-half month hospitalization, appellant experienced considerable mental confusion with psychomotor retardation and slight disorientation, headaches, and vertigo. In December 1944, appellant left the hospital and resumed military duty. Appellant's separation examination noted pes planus, bilateral, and documented the 1944 cerebral contusion, but was otherwise negative for any physical or mental abnormalities or disabilities.

On December 1, 1945, appellant applied for pension or compensation based on headaches, dizziness, and a twenty-day memory loss, all of which allegedly resulted from the 1944 in-service accident. The Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied appellant's claim in a December 7, 1945, rating decision on the ground that a cerebral contusion was not found on his separation examination. The December 7, 1945, rating decision became final when appellant did not file a Notice of Disagreement (NOD) within one year of this decision. In 1948, the RO reviewed appellant's claim and confirmed the denial. The RO informed appellant of this decision on May 12, 1948; again, no appeal was filed.

On March 25, 1985, appellant again applied for compensation or pension, claiming a neurological deficit allegedly caused by the August 4, 1944, in-service injury. Attached to the application were private medical records of a February 27 to March 1, 1984, hospitalization at St. Joseph's Hospital and Medical Center which indicated a discharge diagnosis of "personality disorder with bipolar affective disorder." R. at 13. In a letter dated April 12, 1985, the RO reminded appellant that his claim had been the subject of a previous final denial and advised him that in order to reopen his claim he must submit new and material evidence which demonstrates that the injury for which he claimed entitlement to service connection was incurred in or aggravated by his military service. With respect to the medical records from St. Joseph's Hospital, the letter advised that "evidence of the current status of a disability for which service connection has been denied is not new and material evidence." R. at 26.

In response to the RO's April 12, 1985, invitation to submit new and material evidence, appellant submitted statements from treating physicians, family members, and friends, which described appellant's personality changes after service. Veterans Affairs' medical records indicate that appellant received treatment at a VA hospital from April 11 to May 31, 1985. Veterans Affairs' physician Dr. Aurora J. Rodriguez examined appellant on April 11, 1985, and rendered a provisional diagnosis that appellant suffered from an adjustment disorder with mixed emotional features. In an addendum to the VA discharge summary, Dr. Rodriguez reported that a magnetic resonance imaging examination was normal and indicated that the patient had been presented to a neuropsychological clinical conference which resulted in a provisional final diagnosis of organic personality syndrome of unknown etiology and a bipolar disorder, atypical. Dr. Rodriguez recommended that appellant and his wife secure family counseling and that appellant be followed in six months time. None of the evidence attributed appellant's current condition to his in-service cerebral contusion.

In a rating decision dated July 11, 1985, the RO requested appellant's inpatient and outpatient medical records from the VA hospital in Phoenix, and allowed appellant an additional thirty days to submit addition-

al evidence. Appellant submitted a letter from Dr. Donald K. Buffmire and two letters from Dr. Richard E.H. Duisberg. Dr. Buffmire stated that his May 17, 1972, examination of appellant was "essentially negative except for his obesity." R. at 53. Dr. Duisberg's letters stated that his records of a 1969 psychiatric consultation with appellant no longer existed, but that he reviewed medical reports provided by appellant's wife and opined that these records suggested "several possible (and perhaps combined) diagnoses" including post-contusion brain syndrome, affective disorder, personality disorder, and drug dependency. R. at 55.

In an August 16, 1985, decision, the RO continued the previous denial of appellant's claim on the grounds that:

> S[ervice] C[onnection] was previously denied for this condition in 12/45 as not found on last exam (RAD). The evidence resubmitted by the veteran, comrades, family [and] VAMC does not show continuing neurological problems which would support s[ervice] c[onnection]. Current nervous condition is not related to previous head injury. Veteran is shown to have some personality defects.

R. at 56. On November 27, 1985, the RO determined that the numerous documents submitted by appellant himself, his family members, neighbors, business colleagues, and private physicians neither pertained to appellant's military service nor linked his current condition to his 1944 head injury. The RO confirmed and continued the previous denials, ruling that the submissions did not constitute new and material evidence warranting the reopening of appellant's claim. Appellant filed an NOD on December 19, 1985, and following the RO's issuance of a Statement of the Case, perfected his appeal to the BVA on January 31, 1986. The RO confirmed and continued the previous denials of appellant's claim on February 12, 1986, and again on March 26, 1986, after reviewing a letter from appellant's former supervisor and determining that the information contained in this correspondence was cumulative.

In an August 1, 1986, decision, the BVA denied appellant's claim of entitlement to service connection for the residuals of an in-service head injury. The Board based this decision on the analysis that the evidence added to the record after the previously and finally denied May 1948 decision "does not demonstrate that the veteran has any disability that is the result of the head injury he had in service." R. at 158.

In June 1990, appellant submitted letters from an acquaintance, William T. Coash, and from Douglas Pharis, appellant's custodial care supervisor, in an attempt to reopen his claim. The RO, in a rating decision dated July 7, 1990, determined that these documents were new but "not material to the issue of service connection for residuals of a head injury and [do] not provide a factual basis to reopen the claim." R. at 167, see R. at 168. On July 27, 1990, appellant filed an NOD and the RO issued a Statement of the Case. On September 6, 1990, appellant perfected his appeal to the Board.

The February 25, 1991, decision of the Board, which predated this Court's decisions in *Manio v. Derwinski*, 1 Vet.App. 140 (1991), and *Colvin v. Derwinski*, 1 Vet. App. 171 (1991), concluded in the DISCUSSION AND EVALUATION section that the Coash and Pharis statements were new and material. The Board then denied the claim on the merits, ruling that the new and material "evidence did not establish a new factual basis warranting an allowance of service connection for a cerebral contusion." *John R. Keating*, BVA 91____, at 5 (Feb. 25, 1991).

The Board explained:

> This evidence, while new and material, does not demonstrate that the veteran had chronic residuals of his inservice head injury while on active duty, that he developed an organic personality disorder within one year following separation, or that he has had continuous symptoms due to his inservice head injury from the time of his separation from active duty to the present.

*Id.*

A timely appeal was filed on May 22, 1991. Appellant's brief, filed on May 29,

1992, argued that the BVA had failed to consider all of the evidence of record as required by *Manio, supra,* once the BVA determined that new and material evidence had been submitted and the claim reopened; that the BVA failed in its statutory duty to provide a statement of reasons or bases for its conclusions; and that the Secretary of Veterans Affairs (Secretary) breached the statutory duty to assist. On September 11, 1992, the Secretary filed a motion for summary affirmance addressed to the merits of appellant's arguments, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on this motion. Appellant filed a reply brief on December 7, 1992. Subsequently, in a letter dated and filed January 14, 1993, and citing Rule 28(h) of this Court's Rules of Practice and Procedure, counsel for the Secretary advised the Court and appellant of supplemental authority; in so doing, counsel stated for the first time his view that an unbriefed and unargued "critical issue in this case is whether the BVA properly reopened Appellant's claim...." On January 21, 1993, oral argument was held in Phoenix, Arizona.

## II.

■ Pursuant to 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991), which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski,* 1 Vet.App. 251, 253 (1991). In *Manio,* 1 Vet.App. 140, this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is

reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo. *Colvin,* 1 Vet.App. at 174. For this reason, the fact that the RO or the BVA may not have addressed the issue, or may have reached a conclusion with which we differ, does not control the authority and the responsibility of this Court to determine whether the Secretary exceeded his authority by adjudicating the merits of a finally denied claim which could not, by virtue of 38 U.S.C.A. §§ 5108 and 7104(b), be reopened. *See McGinnis v. Brown,* 4 Vet.App. 239 (1993). Nor does the fact that the issue was raised belatedly and tangentially relieve the Court of the obligation to address what essentially is a jurisdictional issue.

■ New evidence is that which is not "merely cumulative of other evidence on the record" and material evidence is "relevant [to] and probative of the issue at hand" and presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin,* 1 Vet.App. at 174. The additional evidence of record, which was submitted subsequent to the August 1, 1986, BVA decision, and which the Board found to be new and material in the February 25, 1991, decision consists solely of an April 23, 1990, letter from William T. Coash and a June 2, 1990, letter from Douglas Pharis, who had been supervising appellant during a period when appellant was receiving psychiatric care. Mr. Coash's letter describes two incidents which occurred in the summer of 1946, in which appellant exhibited uncharacteristic anger, while Mr. Pharis' letter addresses his personal observations of appellant's mental capabilities, and attributes appellant's mental difficulties to an "early trauma to his head." These statements, although new in the sense that they were not before the RO or the BVA prior to the previous final denials, are cumulative of

other letters and statements which were in the record at those times. Moreover, the letters are not material because they are neither related to nor probative of the issue of service connection and because there is no reasonable possibility that the letters, when considered with all of the evidence of record, would change the outcome. In fairness to the BVA, its conclusion to the contrary was without benefit of our subsequent analyses in *Manio* and *Colvin*. Applying those analyses here, we conclude that appellant failed to submit new and material evidence; therefore, his claim, which the BVA finally denied in an August 1, 1986, decision, was not reopened.

### III.

Upon consideration of the record, appellant's briefs, and the Secretary's motion for summary affirmance, the Court holds that because the evidence submitted subsequent to the 1986 Board decision was not "new and material," there was no basis upon which appellant's claim could or should have been reopened under 38 U.S.C.A. § 5108. Accordingly, because appellant's claim was the subject of a previous final denial and, in contemplation of law, not reopened, the February 25, 1991, BVA decision which denied the claim on the merits is VACATED. *See McGinnis, supra.*