Lynn C. THOMPSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–277.

United States Court of Veterans Appeals.

May 24, 1993.

As Amended June 16, 1993.

Hugh D. Cox, Greenville, NC, and Edwin R. Griffith, non-attorney practitioner, were on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

IVERS, Associate Judge:

Lynn C. Thompson appeals from a January 28, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied his claim for service connection for a back disorder, which had been previously denied by the Board in June 1982, March 1984, October 1985, September 1987, and June 1989, on the grounds that evidence submitted since the June 1989 BVA decision did "not provide a new factual basis warranting a grant of service connection for a back disorder." *Lynn C. Thompson,* BVA 90–44505, at 5 (Jan. 28, 1991). The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991). For the reasons set forth below, the Court affirms the January 28, 1991, decision of the BVA.

### FACTS

The veteran served in the United States Army from June 1958 to June 1960. R. at 1. He had active duty for training from August 5, 1961, to August 19, 1961. *Thompson,* BVA 90–44505, at 3. On August 10, 1961, the veteran was in a truck accident in which he fractured four ribs. R. at 10–30. The veteran was service connected for residuals of fracture to his ribs; these residuals have been rated at a noncompensable level since 1967. R. at 57.

Since 1980, the veteran has sought service connection for a back disorder which has been diagnosed as spondylolisthesis (R. at 51), which is defined as "forward displacement of a lumbar vertebra on the one below it and esp[ecially] of the fifth lumbar vertebra on the sacrum producing pain by compression of nerve roots." WEBSTER'S MEDICAL DESK DICTIONARY 670 (1986). The veteran's claim was first denied by the Board in June 1982 (R. at 193), but he reopened his claim four times in the 1980s,

resulting in BVA decisions in March 1984, October 1985, September 1987, and June 1989. R. at 211, 253, 285, 326.

The record reflects that the evidence received by the Department of Veterans Affairs (VA) after the June 1989 decision consisted of morning reports, dated from August 14, 1961, to August 16, 1961 (R. at 335–37), and a memorandum, dated February 5, 1962, from the New York Army National Guard (NYARNG) to the Commanding General of the 27th Armored Division, NYARNG, requesting a "Line of Duty Investigation Report" of the truck accident in which the veteran was injured in August 1961. R. at 348–50. On July 10, 1990, after having received the additional evidence, an adjudication officer of a VA regional office (RO) sent the veteran a letter, stating, "We have . . . determined that service connection remains denied as this evidence is not considered new and material." R. at 340. The veteran filed an Notice of Disagreement with the July 10, 1990, RO decision not to reopen his claim (R. at 341), and a Statement of the Case was issued. R. at 343. The veteran perfected his appeal to the BVA by submitting a VA Form 1–9, Appeal to the BVA, dated September 13, 1990. R. at 347. In the January 28, 1991, decision that is the subject of this appeal, the BVA concluded that this evidence "does not provide a new factual basis warranting a grant of service connection for a back disorder." *Thompson*, BVA 90–44505, at 5. The veteran filed a timely appeal to this Court.

### ANALYSIS

Under 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 252–53 (1991). Material evidence is "relevant and probative of the

issues at hand," and new evidence is that which is not "merely cumulative of evidence in the record." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Furthermore, in order for evidence to constitute "new and material" evidence, it must raise "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.* at 174.

■ In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). Whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo. *Colvin*, 1 Vet. App. at 174.

With regard to the additional evidence submitted since the June 1989 BVA decision, the Board stated,

> The Board notes that the veteran has submitted day reports that show he was detailed to an Army medical facility on August 14 to 16, 1961, which was several days after the accident. We also noted that Army Reserve internal memoranda of February 1962 request a Line of Duty Investigation Report regarding a truck accident that the memoranda state may have been one that the veteran was involved in, and the memoranda chastise the failure to have provided such a report previously.
>
> . . . .
>
> Plainly, adding to the cumulative record the facts that the veteran was treated after his truck accident and that a report may not have been filed on the accident does not provide new facts on which to

grant the claim.... *The new evidence, seen in the context with previously considered evidence, does not raise such doubt as to whether the claim is properly denied* that the benefit of that doubt must be given to the veteran.

*Thompson*, BVA 90–44505, at 4 (emphasis added).

■ Because the Board's decision in this case was rendered before this Court's decisions in *Manio* and *Colvin*, it is not articulated in terms used by this Court in those decisions. However, it appears that, under the standard articulated in *Colvin*, the claim should not have been reopened, because the Board found that the evidence submitted since the June 1989 BVA decision, "seen in the context with previously considered evidence, does not raise ... doubt as to whether the claim is properly denied." *Thompson*, BVA 90–44505, at 4. Although the terms used are slightly different from those of this Court in *Colvin*, it is clear that the Board determined that the newly submitted evidence, "when viewed in the context of all the evidence, both new and old," does not raise a "reasonable possibility" of changing the outcome of the previous Board decision and therefore does not justify a reopening of the claim. *Colvin*, 1 Vet.App. at 174.

In his brief to this Court, appellant disputes the finding of the Board, stating that

the morning reports and letters citing that no "in line of duty" investigation was performed [were] not offered for the sole purpose of establishing that the [appellant] had been in an accident ...; rather, [they were] offered for the purpose of substantiating the inept and incomplete quality of his own Unit leadership's and Unit's inability and ineptness in correctly establishing a complete understanding and appreciation of the thoroughness of the trauma which he had suffered....

Appellant's Br. at 7–8. The gist of appellant's argument appears to be that, because mistakes were made in 1961 in the diagnosis of the veteran's fractured ribs, i.e., first the veteran was diagnosed as having only one fractured rib and later it

was revealed that he had four fractured ribs (R. at 10–11, 34–35), it is likely that ineptness is also the reason that no diagnosis of a back injury was made at that time. Appellant's Br. at 8. Therefore, evidence of such ineptness on the part of medical personnel who treated the veteran in 1961 constitutes new and material evidence. *Id.* However, the record reveals that the Board has previously considered this argument; the BVA stated in 1989, "As noted, while it was asserted that the accident which caused his rib injuries could also have caused damage to the spinal column, the fact remained that clinical findings made at the time of the 1961 accident were negative for a back disorder." R. at 328.

## CONCLUSION

The Court holds as a matter of law that the evidence submitted after the June 1989 BVA decision does not constitute new and material evidence and that the Board's determination to this effect was correct. Consequently, the final 1989 decision of the Board should not have been reopened, and the Board and the RO in July 1990 were correct in refusing to reopen the claim. *Cf. McGinnis v. Brown*, 4 Vet.App. 239, 244 (1993) (where the Court vacated BVA decision which reopened a claim and denied it on the merits after RO refused to reopen on the basis that no new and material evidence had been submitted); *Grottveit v. Brown*, 5 Vet.App. 91, 93 (1993) (where the Court vacated BVA decision that had considered and denied a claim on the merits rather than denying the claim on the grounds that claimant had not presented a well-grounded claim; the Court remanded the matter with directions to the BVA to vacate the RO decision below which also had adjudicated and denied the claim on the merits).

Accordingly, the Court holds that the BVA decision of January 28, 1991, is AFFIRMED.