In *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), this Court held that "[a] new 120 day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider." "The statute contains no deadline for the filing of a motion for reconsideration with the BVA chairman nor any limitation on the number of such motions that may be filed by an appellant as to a claim." *Id.* at 244.

**John D. CROSS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–860.**

United States Court of Veterans Appeals.

Submitted Aug. 9, 1991.

Decided Jan. 31, 1992.

As Amended April 8 and 23, 1992.

Joseph A. Violante, Washington, D.C., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., and Michael R. Smalls, Capitol Heights, Md., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

KRAMER, Associate Judge:

On May 1, 1990, the Board of Veterans' Appeals (BVA) denied appellant's claim for service connection for post-traumatic arthritis and irritable bowel syndrome. For the reasons set forth below in Part II of this opinion, we affirm.

## I.

### Factual Background

Appellant served on active duty with the Armed Forces during World War II from May 21, 1941, to May 28, 1946. R. at 1. His induction examination revealed no abnormalities. R. at 2.

In May 1942, appellant was captured by Japanese forces and was interned in Japanese prison camps until September 1945. R. at 51, 62. During this period, appellant was confined for 21 days in the hold of a prison ship taking him from the Philippines to Japan. R. at 51. He was thereafter tortured twice, suffered numerous beatings, and performed heavy labor on a Japanese airfield and in a coal mine for approximately 30 months. R. at 51, 62, 99. During such confinement, his diet consisted of water, broth, rice, seaweed, occasional bread, and moss. R. at 25, 52.

On September 28, 1945, appellant, released from capture, was examined by Army Doctors J.R. Watson, Wm. M. McClements, and Paul Kunkel, who noted that while appellant had incurred malaria, beriberi, and chronic bronchitis in captivity, he otherwise appeared normal. R. at 12–13. On November 10, 1945, appellant, complaining of bad teeth, underwent another army examination where he reported to Dr. S.D. Roper that he had no diarrhea while a prisoner of war (POW). R. at 24.

In February 1985, appellant was given a special ex-POW examination by the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) where the examining doctor reported that appellant had a moderate amount of tenderness over his sacroiliac joints (joints in the lower lumbar region of his spine). R. at 32, 43. On October 9, 1985, appellant, in preparation for another examination, completed and submitted to the RO a Former POW Medical History (VA Form–10–0048) in which he alleged that, among other illnesses during captivity, he suffered from dysentery, diarrhea, and "aches or pains in the muscles and/or joints." R. at 51–52. Appellant, on October 23, 1985, underwent a rectal examination where he reported to the examining VA doctor that while he presently had chronic constipation, as a POW he had diarrhea "just like everyone else" which resolved itself just prior to his release. R. at 58. This ex-POW protocol examination revealed no abnormalities. R. at 49, 57. In addition, x-rays taken on November 9, 1985, of appellant's lateral spine showed minimal to moderate degenerative changes in the thoracic spine and "other bony structures" which VA physician Jane Coin stated were normal for appellant's age. R. at 59–60. As a result of these examinations, the RO issued a rating decision on September 25, 1986, continuing unchanged appellant's previously awarded 10% service-connected rating for malaria

and finding no evidence of any other diseases subject to presumptive service connection. R. at 49.

On December 19, 1986, and July 18, 1988, appellant, complaining of an irritable colon and irregular bowel movements, was given a barium enema and a computed tomography (CT) scan of his abdomen and pelvis, respectively, which did not detect any abnormalities. R. at 68, 69–70.

Appellant, believing that "several [of his health] conditions which [he did] not fully understand and which [his] doctors have not explained" were caused by war service, filed a claim with the RO in August 1988 seeking service connection for these disorders. R. at 71. Appellant was examined on January 30, 1989, by VA Dr. L.S. Helfer who stated in an addendum for diagnosis, in relevant part:

> Pain in right hip and lower back of undetermined etiology[.] [S]ee x-rays made January 30, 1989, and functional exam.
>
> Traumatic arthritis from fall and beatings (an x-ray of the hands is included as an example).
>
> Irritable bowel syndrome is not demonstrated on an x-ray—but it is well known that POWS who have undergone starvation ([appellant] was 3.5 years in Japan) have irritable bowel syndrome [as] manifested by alternating constipation [and] diarrhea.

R. at 75 (emphasis added). Dr. Helfer concluded his examination with, among other diagnoses, a diagnosis of traumatic arthritis and irritable bowel syndrome. R. at 81. The x-ray of the hands referenced by Dr. Helfer above as an example of traumatic arthritis demonstrated "mild soft tissue swelling at the PIP joints. [H]owever no bone changes noted suggestive of arthritis." R. at 82. The x-rays taken of the lumbosacral spine showed minimal degenerative changes and those taken of the right hip showed "no significant abnormality." R. at 82.

On June 28, 1989, the RO denied service connection for traumatic arthritis and irritable bowel syndrome, stating that the evidence did not establish such connection. R.

at 89–90. Appellant filed a Notice of Disagreement and appealed to the BVA on October 16, 1989. R. at 99–102.

On May 1, 1990, the BVA affirmed the RO decision, stating:

> [T]he presence of irritable bowel syndrome has not been documented ... [S]ervice connection for [such condition] is not in order....

> The evidence indicates that the veteran's reported suffering showed physical beatings and forced labor during his lengthy prisoner-of-war confinement. X-rays have revealed degenerative changes involving the thoracic and lumbosacral segments of the veteran's spine ... [D]espite the terminology used by the last examiner, there is no objective clinical basis for attributing this arthritis, first shown some 40 years after service, to the veteran's confinement as a prisoner of war. Rather, this seems clearly a degenerative process, for which service connection cannot reasonably be granted....

and finding:

> [Post traumatic osteoarthritis and irritable bowel syndrome were] not incurred in or aggravated by service; such [conditions] may not be presumed to be so incurred.

John D. Cross, BVA 90–09211, at 4–5 (May 1, 1990). Appellant appealed to this Court.

## II.

### Service Connection

#### A.

Title 38 U.S.C. § 1112(b)(2) (formerly § 312(b)(2)) creates a presumption of service connection for certain chronic diseases which manifest themselves to a degree of at least 10% at any time for those veterans who were interned as POW's for at least 30 days—even though there is no record of such disease during service. Post-traumatic arthritis and irritable bowel syndrome are included among the diseases entitled to such presumptive service connection. Id.; see also 38 C.F.R. § 3.309(c) (1991).

## B.

■ Title 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5010 (1991), states that where traumatic arthritis is substantiated by x-rays, it is to be rated as degenerative arthritis.

Under 38 C.F.R. § 4.71a, DC 5003 (1991), arthritis, established by x-ray, is to be rated at 10% per major joint or groups of joints affected by any limitation of motion, provided that such limitation is confirmed by satisfactory evidence of painful motion. *See Lichtenfels v. Derwinski,* 1 Vet.App. 484, 488 (1991).

In this case, it is true that Dr. Helfer has given appellant a diagnosis of traumatic arthritis. However, he offered, as substantiation of such diagnosis, an x-ray of appellant's hands. This x-ray does not indicate a finding of any type of arthritis. Moreover, while appellant does have x-ray confirmation of degenerative changes in his thoracic and lumbar sacral spine, neither Dr. Coin nor Dr. Helfer have attributed these changes to traumatic arthritis. Instead, Dr. Coin believed them to be normal for appellant's age and Dr. Helfer, apparently excluding a causal relationship between these changes and traumatic arthritis, stated that their etiology was unknown. Thus, regarding appellant's hands, there is neither x-ray evidence confirming the diagnosis of traumatic arthritis, nor evidence of any limitation of motion in the hands confirmed by satisfactory evidence of painful motion, and regarding appellant's spine, there is no diagnosis causally linking the degenerative changes to traumatic arthritis. As a result, appellant is not entitled to service connection for traumatic arthritis.

## C.

■ Title 38 C.F.R. § 4.114, DC 7319 (1991), describes how irritable bowel syndrome is to be rated:

30 percent
  Severe; diarrhea or alternating diarrhea and constipation, with more or less constant abdominal distress.
10 percent
  Moderate; *frequent episodes of bowel disturbance with abdominal distress.*

0 percent
  Mild; disturbances of bowel function with occasional episodes of abdominal distress.

(Emphasis added.)

Consequently, for appellant to qualify for presumptive service connection for irritable bowel syndrome under 38 U.S.C. § 1112(b)(2) and 38 C.F.R. § 3.309(c), he must be disabled by the disease to a degree of at least 10% which requires, pursuant to DC 7319, that he have "frequent episodes of bowel disturbance with abdominal distress." It is noted that while appellant told Dr. Helfer in 1989 that he had "diarrhea just like everyone else" when he was a POW, he told Army doctors in 1945 that he did not have such diarrhea during captivity. It is further noted that appellant's chief complaint is with constipation, not with alternating bouts of diarrhea and constipation which Dr. Helfer has stated are characteristic of irritable bowel syndrome. R. at 58; *see also* R. at 77, 99. Nevertheless, Dr. Helfer, in 1989, diagnosed the presence of this condition but also acknowledged that it was undocumented by x-rays. Without deciding whether Dr. Helfer's diagnosis is sufficient to show that the disease is present, there is no evidence that appellant has the symptomatology required by DC 7319 which would disable him to at least 10% and trigger the presumption entitling appellant to service connection.

### III.

### Conclusion

For the reasons set forth above, the decision of the BVA is AFFIRMED.

*It is so Ordered.*