**Grover C. MULLINS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–658.**

United States Court of Veterans Appeals.

July 7, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

Pro se appellant, Grover C. Mullins, a decorated World War II veteran and former prisoner of war (POW), appeals an April 17, 1990, Board of Veterans' Appeals (Board or BVA) decision denying claims for service connection for traumatic arthritis, adhesions and colonic polyps as residuals of injuries suffered while a POW. The BVA determined that appellant had not submitted new and material evidence to reopen a claim for service connection for adhesions which had been denied in 1982 and again in 1984. The Board also concluded that the evidence of record did not support a finding of traumatic arthritis or colonic polyps resulting from appellant's POW internment, and that appellant had not manifest degenerative arthritis within the one-year presumptive period provided by 38 C.F.R. § 3.307(a)(3) (1991). *Grover C. Mullins*, BVA 91–11974, at 6 (Apr. 17, 1990). A timely appeal to this Court followed.

On December 13, 1991, appellant filed a comprehensive and articulate brief seeking reversal of the April 17, 1990, BVA decision and remand for, inter alia, a complete POW protocol examination, development of "[all] reasonably inferred claims [in his file]" and the "liberal[ ]" application of the benefit of the doubt doctrine. Appellant's Brief at 24. Further, he requested that the Court retain jurisdiction. *Id.* On February 11, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling. The Secretary argued that summary affirmance was warranted as the medical evidence of record fully supported the Board's denial of benefits. Specifically, the Secretary noted that medical records confirmed that appellant currently had degenerative arthritis which did not manifest itself while in service or within one year of service; that appellant had not been diagnosed with post-traumatic arthritis or polyps related to POW conditions, and that no new and material evidence relevant to the issue of ser-

vice connection for adhesions had been submitted since the unappealed 1982 decision. Secretary's Motion at 1–2.

Appellant filed an opposition to the Secretary's motion on March 2, 1992, asserting that the BVA erred, inter alia, in breaching its duty to assist appellant upon submission of a well grounded claim for adhesions, relying on its own opinion rather than independent medical authority in adjudicating the arthritis and polyps claims and disregarding appellant's hearing testimony linking his POW experience with his current disabilities. Appellant's Reply Brief at 2. Further, in response to the Secretary's contention that appellant had not submitted new and material evidence sufficient to warrant reopening of the claim for adhesions, appellant argued that "[a]ny claim may be reopened if [a] veteran claims the previous decisions were in error". *Id.* at 2–4.

■ The Court notes that, in his brief, appellant asserts entitlement to an increased rating and earlier effective date of a compensable rating for appellant's service connected prostatitis. However, these issues were not presented to the Board and are not ripe for consideration by the Court. *See Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990). There are but two legal issues: whether the Board's denials of service connection for appellant's degenerative arthritis and chronic polyps were clearly erroneous, and whether there was sufficient new and material evidence to warrant reopening of appellant's finally denied claim for service connection for adhesions.

## I.

In reviewing the BVA's factfinding, this Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert,* 1 Vet.App. at 53.

■ Appellant asserts entitlement to service connection for arthritis. Pursuant to 38 U.S.C. § 1112(b)(12) (formerly § 312(b)(12)) and 38 C.F.R. § 3.309(c) (1991), service connection is presumed for "post-traumatic osteoarthritis" of a former POW which becomes manifest to a degree of ten percent or more at any time after service. However, as the Board correctly notes, there is no regulatory provision which would entitle former POWs to a presumption of service connection for degenerative arthritis. Therefore, the general one-year presumptive period of 38 C.F.R. § 3.307(a)(3) for chronic diseases would apply. Here, there is no indication in the record that the appellant has ever been diagnosed as having *post-traumatic* arthritis. On the contrary, the record is replete with recent diagnoses of *degenerative,* as distinguished from post-traumatic, arthritis; and in each instance the diagnosis was made with awareness of appellant's assertion that he sustained injury to his back parachuting out of his aircraft during World War II. *See, e.g.,* R. at 52–57 (1984 POW protocol examination); R. at 78, 80, 83 (1987 "Special Compensation and Pension Examination" and accompanying radiology reports); R. at 240 (June 27, 1989, hearing officer report stating that "[t]he evidence ... can reasonably [be] construed to be resultant [sic] from [the] aging process rather than any immediate trauma associated with the POW experience").

Based on this record, the Court concludes that there is ample support for the Board's determinations that appellant does not have post-traumatic arthritis and degenerative arthritis did not become manifest during service or within the one-year presumptive period.

■ With respect to the claim for service connection for chronic polyps, appellant indeed has been diagnosed with and treated for "chronic colonic polyps". *See, e.g.,* R. at 158 (1983 POW Protocol Examination); R. at 164–74 (1983 colonoscopy and polypectomy); R. at 183–86 (1985 same); R. at 193–201 (1986 colonoscopy). However, there is no medical evidence relating appel-

lant's present condition to his POW internment nor are chronic polyps among the diseases or conditions for which former POWs are entitled to presumptive service connection under 38 C.F.R. § 3.309. Based again on the record, the Court concludes that there is a more than plausible basis in the record to support the BVA's denial of appellant's claims for service connection for chronic polyps. *Cf. Cross v. Derwinski*, 2 Vet.App. 150 (1992) (presumption of service connection for former POW rebutted where there is scant evidence in favor of claimed disabilities).

## II.

Appellant's claim for service connection for stomach adhesions was denied by a Veterans' Administration (now Department of Veterans Affairs) (VA) rating board in 1982, R. at 30–31, and again in 1984. R. at 58–59. Appellant did not submit a Notice of Disagreement with these decisions within one year to perfect an appeal to the BVA. Therefore, pursuant to 38 U.S.C. § 7105(c) (formerly § 4005(c)), those decisions must be deemed final. Under 38 U.S.C. § 7104(b) (formerly § 4004(b)), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). In *Manio v. Derwinski*, 1 Vet. App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative of other evidence on the record" and "is relevant and probative of the issue at hand." *Id.*

The Court holds that the medical records submitted since the 1982 and 1984 rating decisions and appellant's 1989 hearing testimony do not constitute sufficient new and material evidence to warrant reopening of the finally denied claim for service connection for stomach adhesions. Much of the submitted evidence is cumulative and therefore not "new". Moreover, there is no evidence which is relevant or probative of the issue of service connection. While there is no doubt about the strength of appellant's personal convictions that his current disabilities were a direct result of having been a POW, appellant, as a layman, lacks the requisite medical knowledge and expertise sufficient to offer probative material evidence with respect to a medical issue. The issue is not the credibility of the appellant, but his competence to proffer expert medical opinion; such testimony would only be probative if it were proffered by a "a witness qualified as an expert". *Espiritu v. Derwinski*, 2 Vet.App. 492, 495 (1992) (citation omitted) (holding that lay persons were not qualified to provide a "probative diagnosis" as to the cause of the veteran's death).

## III.

Upon consideration of the record, appellant's brief, and the Secretary's motion for summary affirmance and appellant's reply, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert*, 1 Vet. App. at 49; *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Ply-*

*wood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The April 17, 1990, decision of the Board of Veterans' Appeals is AFFIRMED.