**Dolores Vda de LANDICHO, Appellant,**

**v.**

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 90–1150.

United States Court of Veterans Appeals.

Jan. 19, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The veteran, Agustin S. Landicho, appealed from an August 27, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to service connection for hypertensive heart disease, hypertrophic degenerative disease, hemorrhoids, beriberi, and a goiter, and for entitlement to an increased rating for peptic ulcer disease (currently rated as 10% disabling). *Agustin S. Landicho,* BVA 90–29202 (Aug. 27, 1990). The veteran died on December 31, 1991. By order dated June 11, 1992, the Court substituted the veteran's widow in these proceedings pursuant to Rule 43(a)(2) of the Court's Rules of Practice and Procedure. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990).

The veteran's claims for service connection for goiter and hemorrhoids were denied by a prior final decision of a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) in January 1972, R. at 49–50, and claims for hypertensive heart disease and beriberi were denied by a prior final BVA decision in July 1985, R. at 121. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-part analysis. *See Manio v. Derwinski,* 1 Vet. App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "New evidence" is evidence that is not "merely cumulative" of other evidence on the record. *Ibid.* Evidence is "material" where it is "relevant and probative" and where there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Ibid.* If the evidence is new and material, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991). Whether

evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992).

■ It is unclear whether the Board found the evidence not new and material or whether it reopened the goiter, hemorrhoid, hypertensive heart disease, and beriberi claims and denied them on the merits. In any event, the Court holds that the appellant has not submitted new and material evidence since the prior final denials of those claims. None of the newly submitted evidence relates the onset of those disabilities to the veteran's service, and thus the evidence is not material. Since there was no new and material evidence, those claims should not have been reopened, and any error attendant on the BVA's August 1990 denial of those claims was harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1992); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991).

■ In 1981, the veteran filed a claim for entitlement to service connection for "rheumatism". R. at 58. The evidence submitted to the VA included an October 1981 physician's statement that gave impressions of "Hyperthropic [sic] osteoarthritis, mild, leftshoulder [sic]" and "Negative evidence for bone abnormality in the left thigh". R. at 62. In March 1982, the RO denied service connection for "arthritis (rheumatism)" because there was no evidence of a diagnosis of that disease within the one-year presumption period under 38 U.S.C. § 1112(a)(1) (formerly § 312); 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (1991). *See* R. at 68–69. During a 1988 former prisoner-of-war (ex–POW) protocol examination conducted by the VA, the veteran was found to be suffering from hypertrophic degenerative disease in the cervical spine and lumbosacral spine (right tibiofemoral and both tibiofibular joints). R. at 144, 158–59. Because this evidence failed to establish that the veteran's hypertrophic degenerative disease was incurred in or aggravated during service or within one

year after separation therefrom, the Court holds that the new evidence was not material. If this was the same claim that was denied in March 1982 (which is not entirely clear), the claim should not have been reopened, and any error attendant on the BVA's October 1990 denial of the claim was harmless error. *See* 38 U.S.C. § 7261(b); *Kehoskie, supra; Godwin, supra; Thompson, supra.*

■ If this was a new claim (since it now seems to involve right-side joints), then it is reviewed by this Court under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... [the Court] cannot overturn them". *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); 38 U.S.C. § 7261(a)(4) (formerly § 4061). Under that standard, the Court holds that there is a plausible basis in the record for the Board's denial of the claim.

■ Although the BVA decision analyzes the veteran's condition in light of statutes and regulations covering post-traumatic osteoarthritis as well as hypertrophic degenerative disease, *Landicho,* BVA 90–29202, at 4, 7–8, there is no medical evidence that the veteran suffered from post-traumatic osteoarthritis, nor does it appear that either the veteran or the appellant ever filed a claim for such a disability. The former type of arthritis is subject to the one-year presumption period in 38 C.F.R. § 3.307(a)(3), whereas the latter is presumed service connected if manifested in certain ex-POWs to a degree of at least 10% at any time after separation from service. 38 U.S.C. § 1112(b)(12) (formerly § 312); 38 C.F.R. § 3.309(c) (1991). The distinction between degenerative arthritis and post-traumatic arthritis was discussed in *Myers v. Derwinski*, 3 Vet.App. 11, 14 (1991) (mem. decision), and *Mullins v. Derwinski*, 2 Vet.App. 522, 524 (1992) (mem. decision). Because the veteran was diagnosed as having hypertrophic degenerative disease and not post-traumatic osteoarthritis, the BVA's statements concerning post-traumatic osteoarthritis are harmless error. 38 U.S.C. § 7261(b).

■ As for the veteran's peptic ulcer disease, during the 1988 ex–POW protocol examination, the veteran was diagnosed as having a prepyloric ulcer niche, inferior antral wall (ulcer niche affecting the area before the muscle tissue surrounding and controlling the aboral outlet of the stomach, STEDMAN'S MEDICAL DICTIONARY 1254, 1297, 1661 (25th ed. 1990)). R. at 158; Supp.R. at 2. *See* 38 C.F.R. § 4.110 (1991). The veteran's peptic ulcer had been rated as 10% disabling according to the criteria in 38 C.F.R. § 4.114, Diagnostic Code (DC) 7305 (1991): "Mild; with recurring symptoms once or twice yearly". The criteria for a 20% rating are "Moderate; recurring episodes of severe symptoms two or three times a year averaging ten days in duration; or with continuous moderate manifestations". *Ibid.* Although the record on appeal contains a December 1970 medical certificate stating that the veteran's ulcer was accompanied by "severe abdominal pain", the 1988 examination report described the veteran's epigastric pain as "coming on and off, precipitated by hunger, relieved at times by taking in food, tea". R. at 155. Because the record contains no other descriptions of the severity or duration of the pain produced by the veteran's ulcer, the Court concludes that the Board's finding that a higher rating was not warranted has a plausible basis in the record, and therefore the Court will affirm the BVA's denial of an increase in the disability rating for peptic ulcer.

■ In a September 1986 letter to the VA, the veteran specifically requested entitlement to an individual unemployability rating pursuant to 38 C.F.R. § 4.16(b), making reference to, inter alia, his service-connected leg and arm disabilities. R. at 123. However, it does not appear that this claim was ever adjudicated. The veteran adequately presented to the VA a well-grounded claim for a total disability rating under section 4.16(b) ("It is the established policy of [VA] that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled"), and the Board, therefore, was required to deal with that claim. *See EF v.*

*Derwinski*, 1 Vet.App. 324, 326 (1991) (VA's duty to assist requires liberally reading all documents or oral testimony submitted prior to BVA decision to include issues raised therein); *Shoemaker v. Derwinski*, 3 Vet.App. 248, 255–56 (1992) (Board's failure to consider individual unemployability required remand); *Mingo v. Derwinski*, 2 Vet.App. 51, 53–54 (1992) (Board must provide reasons or bases for its finding that veteran is not eligible for individual unemployability compensation). The Court, therefore, remands the individual unemployability claim to the Board for compliance with the statutory duty to assist in accordance with 38 U.S.C. § 5107(a) (formerly § 3007) and 38 C.F.R. § 3.159 (1991), and for consideration under 38 C.F.R. § 4.16(b).

Finally, the Court notes that the appellant's informal brief appears to contain claims for service connection for shrapnel wounds suffered by the veteran as well as a claim for payment of dependency and indemnity compensation (DIC) for her husband's death. Since neither claim was raised to the BVA, the Court will not review those claims. *See Branham v. Derwinski*, 1 Vet.App. 93, 94 (1990). Should the veteran's widow wish to pursue those claims, she must first apply to VA.

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant has not demonstrated that the BVA committed error in denying entitlement to service connection for hypertensive heart disease, hypertrophic degenerative disease, hemorrhoids, beriberi, a goiter, and an increased rating for peptic ulcer disease, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1) (formerly §§ 4052, 3007, 4004), 7261 and the analysis in *Gilbert, supra.* The Court, therefore, affirms the August 27, 1990, BVA decision as to those claims.

However, the Court remands the matter to the BVA for appropriate consideration of the claim for an individual unemployabil-

ity rating pursuant to 38 C.F.R. § 4.16(b), consistent with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and argument on this issue. *See Quarles v. Derwinski*, 3 Vet.App. 129 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.