William A. BARTOW, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–598.

United States Court of Veterans Appeals.

July 31, 1992.

Before STEINBERG, Associate Judge.

_____

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran William A. Bartow, appeals from a December 11, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying disability compensation based on secondary service connection for lung disease, heart disease, a back disorder, and Crohn's disease, and denying entitlement to a rating for a service-connected upper respiratory disability higher than 10%. *William A. Bartow,* BVA 90–41785, at 9 (Dec. 11, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The BVA decision will be affirmed in part and vacated and remanded in part.

The veteran served on active duty in the United States Army from October 1942 to February 1946. R. at 1. While in the service, he developed an upper respiratory disability. Service connection is currently in effect for bilateral maxillary sinusitis with allergic rhinitis and chronic pharyngitis, evaluated as 10% disabling. R. at 140–41.

### A.

 Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004). In considering claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski,* 1 Vet. App. 140, 145 (1991). First it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Evidence is "material" if "relevant and probative" and if there is "a reasonable possibility that the evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Godwin v. Derwinski,* 1 Vet.App. 419, 424 (1991); *Colvin, supra.*

With respect to the veteran's attempts to reopen his claims for service connection for lung disease, heart disease, a back disorder, and Crohn's disease, the Board did not utilize the two-part test outlined in *Manio.* Instead it applied "[a] pre-VJRA [Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988) ] regulation which required that if new and material evidence is submitted then the claim may be granted only if that new evidence provides a 'new factual basis for allowing the claim'." *Jones,* 1 Vet.App. at 214; 38 C.F.R. § 19.194 (1990). Throughout its decision, the Board repeatedly utilized this "new factual basis" standard for its findings of fact and legal conclusions. This is not the standard by which to evaluate whether to reopen claims. *See* 38 U.S.C. §§ 7104(a), (b), 5108 (formerly

§§ 4004, 3008); *Jones, supra; Colvin,* 1 Vet.App. at 174; *Manio,* 1 Vet.App. at 145.

Although the Board erred by failing to apply the proper test for reopening claims, its error was harmless since these claims should not have been reopened. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin,* 1 Vet.App. at 425; *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991). The determination as to whether evidence is "new and material" is a question of law, which, under 38 U.S.C. § 7261(a)(1), this Court reviews de novo. *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin, supra.* Accordingly, for the reasons set forth below the Court holds that the veteran has not submitted new and material evidence to reopen his previously denied claims as to the four conditions.

Secondary service connection for lung disease was denied in prior final BVA decisions in May 1969, April 1971, May 1981, and May 1988. R. at 55, 62, 92, 106. The new evidence submitted with respect to this claim, a Veterans' Administration (now Department of Veterans Affairs) (VA) outpatient (OP) record dated December 1988, showed that the veteran's lungs were clear. R. at 119–20. This evidence is not probative, and, thus, when it is viewed in the context of the evidence previously considered by the Board there does not arise a reasonable possibility that the outcome of the prior final BVA decision would be different. Therefore, the evidence is not material and does not justify reopening the claim.

Secondary service connection for heart disease also was denied in prior final BVA decisions in May 1969, February 1977, May 1981, and May 1988. R. at 55, 88, 92, 106. The only new evidence submitted in support of this claim is the aforementioned VAOP record. R. at 119–20. This medical record shows no positive evidence of heart disease; thus, this evidence is not probative; nor does it raise a reasonable possibility that the outcome would be different if the claim were reviewed in light of this evidence. Consequently, it, too, does not warrant a reopening of the claim.

In prior final BVA decisions dated May 1969, April 1971, March 1976, May 1981, and May 1988, the Board denied service connection for the veteran's back disability. R. at 55, 62, 83, 92, 106. The Board concluded that his back disability had not been incurred in service and that the veteran's scoliosis was a developmental defect not aggravated by service. R. at 60, 67–68, 86–87, 99–100, 114–15. In his attempt to reopen this claim, the veteran presented a physician's report which diagnosed several back conditions. R. at 124. Although the report is not merely cumulative of evidence previously considered, it, too, fails to establish a connection between the veteran's current back disability and his period of service. This evidence, therefore, also is not probative and, when viewed in conjunction with evidence considered previously, could not reasonably change the outcome of the prior final BVA decisions. It, thus, is not material.

Service connection for Crohn's disease was considered and denied by the Board in its May 1988 final decision. R. at 106. Evidence submitted by the veteran and considered and discussed at that time by the Board, including a letter, dated February 1985, from Dr. Joe A. Dean, a private physician (R. at 103), indicated that the disease had developed many years after the veteran had been separated from service. A letter, dated December 1985, from another private physician, Dr. R.B. Shaw, submitted in this effort to reopen the claim, simply confirms that the veteran's Crohn's disease was diagnosed in 1974. R. at 138. This information is cumulative of the evidence previously considered by the Board and, thus, is not new, let alone material.

The veteran also submitted receipts from private physicians, dated February 1950 and January 1961, which show payment for services provided. R. at 117. However, the receipts do not indicate the nature of the complaint or the treatment provided. Consequently, the Court holds that they are not relevant with respect to any of the claims raised by the veteran in this appeal.

### B.

In August 1989, the veteran received a rating decision with respect to his new claim for entitlement to service-connected disability compensation for an upper respiratory disorder. The rating decision in August 1989, which awarded the veteran a disability compensation rating of 10% for his upper-respiratory disorder, was based on his December 1988 VAOP physical examination; the rating was made effective as of December 1988. R. at 140. The VAOP medical record from December 1988 stated that the veteran had increased post-nasal drainage, tender maxillae, and congested nasal turbinates, all bilaterally. R. at 119. The veteran appealed the decision to the BVA, arguing that he was entitled to a higher rating. He alleged, in his Form 1–9 appeal, that he suffers from "severe headaches, all times when not taking medications, constant sinus drainage". R. at 148. The Board concluded that an increased evaluation was not warranted because this VAOP examination did not show that the veteran's condition had reached the level required for the next higher rating category—for a 10% rating, the rating schedule requires, "[d]ischarge or crusting or scabbing, infrequent headaches"; for a 30% rating, "[f]requently incapacitating recurrences, severe and frequent headaches, purulent discharge or crusting reflecting purulence" are required. 38 C.F.R. § 4.97, Diagnostic Code 6513 (1991).

The Court holds that the veteran's contentions, as supported by the VAOP record submitted by him, presented a well-grounded claim for a service-connected disability rating. *See* 38 U.S.C. § 5107(a) (formerly § 3007); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) ("well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation"). However, that VAOP record, alone, was inadequate to provide a sufficient basis for making an accurate determination of the level of the veteran's disability. Thus, the Court holds further that the BVA committed error by denying the veteran's claim solely on the basis of the VAOP examination. *See* 38 C.F.R. §§ 4.2 (1991) (when examination report contains insufficient detail, rating board must return the report as inadequate for evaluation purposes), 19.182 (1991) (remand required when correction of procedural defect essential for proper appellate decision); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991). The BVA also is obligated to evaluate examination reports, pursuant to 38 C.F.R. § 19.182, and return those which do not meet the regulatory criteria. *See* 38 U.S.C. § 7104(c) (formerly § 4004); 38 C.F.R. § 19.103 (1991) ("[B]oard shall be bound by the laws and regulations of the [VA]"). The December 1988 VAOP examination report is very difficult to decipher. In addition, this examination was not conducted specifically for VA compensation purposes but was in response to the veteran's immediate physical discomfort. Consequently, it is unclear whether the examining physician was apprised of the veteran's medical history and made his evaluation in light of the veteran's complete record. "It is [e]ssential, both in the **examination** and in the evaluation of disability, that each disability be viewed in relation to its history." 38 C.F.R. § 4.1 (1991) (emphasis added).

Therefore, pursuant to the VA's statutory duty under section 5107(a) to assist claimants who present well-grounded claims in developing the facts pertinent to their claims, the veteran should be provided with "a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability is a fully informed one." *Green, supra; see also Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Parker v. Derwinski,* 1 Vet.App. 522, 526 (1991); *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991); *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991).

### C.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's brief, the Court holds as follows: (1) There is no new and material evidence to justify reopening of the veteran's claims for secondary service connection for lung disease, heart disease, a back disability, or Crohn's disease, and

the December 11, 1990, BVA decision is affirmed as to those claims; and (2) as to the veteran's new claim for a service-connected rating of his upper respiratory disorder in excess of 10%, the BVA decision is vacated, the Court retains jurisdiction, and the record is remanded to the Board for the prompt conduct of a new physical examination of the claimant, readjudication on the basis of all evidence and material of record, and issuance of a new decision—all in accordance with this decision. *See* 38 U.S.C. §§ 5107(a), 7104(a), (d)(1); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). On remand, the veteran will be free to present new evidence and argument. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after the filing of any final such Board decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.